Wheeler, J.
The appellant was indicted and convicted under articles 1477 and 1486 of the digest. Tlie indictment charged that tlie defendant did bet “ at a certain bank called rondo, the same being then and there exhibited for gaming.”
It is objected to the sufficiency of tlie indictment that as “rondo” is not named in the enumeration of banking games prohibited by the statute, it cannot be included within tlie general terms “ any other gaming table or bank,” or “any other gambling device,” as one of the inhibited banks or games.
It is true that penal statutes must be construed strictly, and very great strictness has been observed in the construction of those of tlie most highly penal character, as in (lie familiar instance given by Biackstoue of tlie construction of tlie statute of 14 Geo. II., c. 6, which made the stealing of sheep or oilier cattle felony, without the benelit of clergy. These general words “or other cattle” were looked upon as too loose to create a capital offense, and tlie act was held to extend to nothing but sheep. This strictness, however, was adopted in favor of life; and it lias never been observed in the construction of statutes enacted for the punishment of mere misdemeanors, or those minor offenses which are not punished with great rigor. It lias been said by very high authority, and such is the uniform language of the courts, thac though penal statutes are to be construed strictly, tlicy are not to be construed so strictly as to defeat tlie obvious intention of liie Legislature. Tlie words of a statute arc not to be narrowed to tlie exclusion of cases which those words, in their ordinary acceptation, or in Chat sense in ivliieh tlie Legislature liad obviously used them, would comprehend. (5 Wheat. R., 76, 04.)
In construing statutes, penal as well as others, an interpretation must never bo adopted that will defeat the purpose for which the enactment was obviously intended. (9 Wheat. R., 381.)
That such would be the effect of adopting the construction contended for on behalf of tlie appellant cannot he doubted. Hew names for the games intended to be prohibited by the statute could be devised and substituted without limit; and thus not only the present but any future statute which might be enacted for the prevention of like offenses might be evaded. Such a construction would defeat the obvious intention of the Legislature, and is therefore inadmissible.
We are referred to our opinion in the case of Crow v. The State, 6 Tex. R., 334. Tlie decision in that case rested on the conviction, clearly expressed in tlie opinion, that tlie supposed offense charged in tlie indictment did no* come within either the language or intention of tlie Legislature. The offense described in the present indictment manifestly is (hat'which tlie Legislature intended to prohibit. The present, therefore, is plainly distinguishable from the case cited. That case sanctions no such principle as that the table on which tlie game is played will necessarily give character to the game, or that *263 the having resorted to a billiard table on which to play a banking game will render ¡lie playing less criminal in tho eye of the law, or will afford an immunity to those who resort to this as a device by which to evade the consequences of its violation.
We are of opinion that the indictment describes an offense within the manifest inceution aud meaning of the statute, and that the verdict was warranted by the evidence. The Judgment is therefore affirmed.
Judgment affirmed.