ANDREW THOMAS v. THE STATE.

*No. 1208.   Decided February 10th, 1897.*

1.  **Complaint Made Before County Attorney of One County Cannot be Used in Another.**

A complaint taken and sworn to before the County Attorney of one county cannot be made the basis for an information filed by the County Attorney of another county.

2.  **Same—County Attorney's Authority to Take Oaths.**

The authority of county attorneys to take oaths, as to the commission of offenses, is prescribed by Code Crim. Proc., Arts. 34, 35 and 36, and their authority, under said articles, is confined to the respective courts of which they are county attorneys, and in which they exercise the functions of their office.

3.  **Unlawfully Carrying a Pistol—Traveler.**

A person returning home on a railroad train, from a place 150 miles distant from his home, is a traveler in contemplation of the statute exempting travelers from the law prohibiting the carrying of arms.

APPEAL from the County Court of Hood.  Tried below before Hon. GEORGE W. RIDDLE, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty ,a fine of $25.

No statement necessary.

[No brief on file for appellant.]

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.—A complaint is not required to set out the offense with the same particularity that is required in informations.    13 Tex. Crim. App., 551; 18 Tex. Crim. App., 53.    Substantial conformity to the statute is sufficient.    14 Tex. Crim. App., 576.

County attorneys are officers authorized to take complaints, and for that purpose administer oaths.    Code Crim. Proc., 1895, Arts. 34, 36.

The requirement that the complaint shall show the offense to have been committed in the county where filed does not mean that the complaint can only be taken in that county, and before the County Attorney of that county.    In this case a citizen of E. County, traveling through H. County, saw the defendant carrying a pistol in the latter county.    On reaching home in E. County he made complaint before the County Attorney of E. County that the defendant carried a pistol in H. County.    The complaint was filed in H. County, and was made the basis of the information and prosecution in H. County.    Such proceeding it is submitted is regular and authorized under our law.

It is submitted that the evidence does not, as a matter of fact or law, raise the exception to the statute that defendant was a traveler.    A traveler within the purview of the exception, is not a man who on a matter of business rides on the railroad to a neighboring town, and returns to his home on the next train.    See, 23 Tex. Crim. App., 407; 28 Tex. Crim. App., 44; 33 Tex. Crim. Rep., 301.

HENDERSON, JUDGE.—Appellant was convicted of carrying on and about his person a pistol, was fined $25, and prosecutes this appeal. Appellant filed a motion in arrest of judgment, on the ground that the complaint upon which the information was predicated was made before J. W. Jarrott, County Attorney of Erath County, who was without legal authority to take the same, etc.    By referring to the complaint in the record, it will be seen that it was taken and sworn to before said County Attorney of Erath County, and the County Attorney of Hood County subsequently filed an information based on this affidavit or complaint.    The question here presented is, was the County Attorney of Erath County authorized to take this affidavit for use in Hood County? Art. 287, Rev. Civ. Stat., 1895, provides that "the duties and powers of district and county attorneys shall be such as are prescribed in this statute and in the Code of Criminal Procedure of this State."    Article 288 provides that "district attorneys shall severally reside in the districts to which they were elected, and county attorneys shall severally

reside in the county for which they were elected." By referring to the Code of Criminal Procedure of 1895, we find the following articles in regard to this subject:

"Art. 34. Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney. Said complaint shall state the name of the accused, if his name is known, and if his name is not known it shall describe him as fully as possible, and the offense with which he is charged shall be stated in plain and intelligible words, and it must appear that the offense was committed in the county where the complaint is filed, and within a time not barred by limitation.

"Art. 35. If the offense be a misdemeanor the attorney shall forthwith prepare an information, and file the same, together with the complaint, in the court having jurisdiction of the offense. If the offense charged be a felony, he shall forthwith file the complaint with a magistrate of the county and cause the necessary process to be issued for the arrest of the accused.

"Art. 36. For the purpose mentioned in the two preceding articles, district and county attorneys are authorized to administer oaths."

The authority to take oaths by county attorneys in regard to the commission of offenses is prescribed in these articles, and it appears therefrom that their authority is confined to the respective counties of which they are county attorneys and in which they exercise the functions of their office. Consequently, the County Attorney of Hood County had no authority to use the affidavit made before the County Attorney of Erath County as a predicate upon which to base the information in this case. The motion in arrest of judgment should have been sustained. But two witnesses testified in this case—one for the State and one for the defendant, the latter being the defendant himself; and there is no difference between the testimony of said two witnesses. Both show that defendant, at the time he was seen with the pistol, was on a train running between Fort Worth and Brownwood; that Fort Worth and Brownwood are about 150 miles apart; and it is not controverted that appellant at the time lived at Brownwood, and had gone on the train that day to Fort Worth, and was returning on the same day to his home at Brownwood. On his way home, while on the train, he was seen with the pistol in Hood County. In our opinion the party was a traveler. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*