# TYLER TERM, 1899.

## J. W. BAILEY v. THE STATE.

### No. 2017. Decided October 12, 1899.

**1. Bills of Exception—Filing—Practice on Appeal.**

Bills of exception which are filed after adjournment of the term will not be considered on appeal.

**2. Statement of Facts—Filing—Diligence.**

A statement of facts not filed within the ten days allowed after adjournment will not be considered on appeal where there is an apparent utter lack of diligence to have it secured and filed within the time.

**3. Perjury by Witness Before County Attorney as to Gaming—Indictment.**

An indictment for perjury may properly be predicated upon the false statements of a witness summoned and sworn to testify before the county attorney as to violations of the gaming laws. The authority of the county attorney to summons and administer oaths to witnesses in such cases is expressly conferred by articles 34, Code of Criminal Procedure, and 391, Penal Code.

**4. Same.**

It is not necessary to an indictment for perjury based upon the statement of a witness before the county attorney to the effect that he had not seen certain parties play at a game with cards, that said statement should have been reduced to writing and sworn to by defendant. Such a statement could not form a basis for a complaint, and the complaint alone is required to be in writing and sworn to.

**5. Same.**

It is not necessary in an indictment for perjury, predicated upon the false statements of a witness before the county attorney that he had not seen certain parties play at any game with cards, to set out the game played, because it is not even necessary that the complaint should set out the game played.

**6. Charge of Court Not Warranted but Beneficial to Defendant.**

A defendant can not be heard to complain of a charge of the court, though not included in the pleading, which puts an additional burden upon the State and is beneficial to the defendant.

APPEAL from the District Court of Hunt. Tried below before Hon. HOWARD TEMPLETON.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

On motion of the Assistant Attorney-General the bills of exception and statement of facts were stricken from the record because filed after adjournment of the term of the trial court.

No further statement necessary.

*B. Q. Evans* and *R. L. Porter,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years.

The statement of facts and bills of exception are shown by the affidavit of appellant's counsel to have been filed subsequent to the adjournment of court, although the file mark on the bills of exception shows the same to have been filed in the day court adjourned. We are not authorized to consider bills, even when filed back in term time, if in fact they were filed subsequent to the adjournment of the court. Spencer v. State, 34 Texas Crim. Rep., 238. There are counter affidavits on file with reference to the diligence in securing the statement of facts within the ten days. After a careful review of these affidavits, it is apparent that there was an utter lack of diligence on the part of appellant to secure the statement of facts within the time allowed by the court. This matter has been so frequently adjudicated, and the rule so clearly laid down, that we deem it unnecessary to enter into a discussion of the matter in this case. George v. State, 25 Texas Crim. App., 229; Bracy v. State (Texas Crim. App.), 49 S. W. Rep., 598. The rule laid down in the George case, supra, has been adhered to by the court in many decisions since its enunciation.

Motion in arrest of judgment was made, attacking the indictment in several respects. We deem it unnecessary to discuss all of them. It seems from an inspection of said indictment that appellant was brought before the county attorney, sworn by him, and questioned in regard to playing at a game with cards in a certain house kept for the purpose of gaming, and as a resort for gaming, the time stated, and the exact locality of the gambling house mentioned; and the game of cards inquired about was one in which Shade Shields and Albert Blades were engaged. It is further alleged that the appellant denied any knowledge of the matter, and stated that he did not see said parties, at the time and place mentioned, engaged in such game of cards. Appellant's first proposition is that the county attorney is not an officer authorized to administer oaths under such circumstances. Under the terms of the statute, the county attorney is authorized to administer such oaths. Code Crim. Proc., art. 34; Penal Code, art. 391. The latter article provides that "any court officer or tribunal, having jurisdiction of the offense enumerated in this chapter, or any district or county attorney, may subpœna persons and compel their attendance as witnesses to testify as to violation of any of the provisions of the foregoing articles." The portion of the section quoted applies directly to violations of the gaming laws. Construing these two sections together we think there is no question of the authority of the county attorney to administer the oath as was done in this case. Article 391 would be a dead letter on the

statute book, if it gave authority to the county attorney to bring witnesses before him in order to inquire into violations of the gaming laws, and failed to carry with it authority to compel the testimony of the witness under oath; and it would seem to render nugatory the provisions of article 34 of the Code of Criminal Procedure, if he were not authorized to administer oaths. It is also contended the indictment does not allege that the statement made by defendant was reduced to writing and sworn to by defendant. This was not necessary. The indictment alleges that appellant testified before said county attorney that he did not see the parties play at a game with cards, etc., and the perjury is based upon the fact that he so testified, and it was not necessary to reduce this to writing, as it could not form the basis of a complaint for gaming. By testifying that no offense was committed, he failed to state a case which would form the basis of a complaint. Nor was it necessary to state in this indictment the particular game of cards played by Shields and Blades. He had denied seeing them play any game with cards, and it seems that, under the decisions, had he testified to seeing the game, it would not have been necessary to state in the complaint, in order to charge the offense, the game played by them. We think the indictment was amply sufficient.

Appellant, among other things, in his motion for new trial, complains because the court charged the jury that if they believed the county attorney learned of a game, and for the purpose of ascertaining the facts concerning such game, whether it constituted a violation of law, and taking a complaint and instituting a prosecution against any person shown by the facts to be guilty of gaming on such occasion, caused the defendant to be summoned before him, and if the defendant appeared before said county attorney in obedience to said summons, and was duly sworn as a witness by said county attorney, and, after being sworn, testified, etc., he would be guilty. His contention is that the pleading did not justify this charge, that there was no allegation that the county attorney caused appellant to be summoned, and that it was error to charge the jury that they must so find before they could convict. This seems to be the basis of his contention. It occurs to us that it has no merit. The indictment alleges that he appeared before the county attorney, and, if the facts developed that the county attorney caused him to appear, it would be sufficient compliance with such allegation. But appellant could hardly be heard to complain if the court required the jury to believe he had caused the defendant to appear by summons. If this was not included in the pleading, it was putting the burden upon the State, not warranted by the pleading, which was beneficial to appellant. So, in either event, we think there was no error in the charge. In the absence of a statement of facts, the other assignments of error with reference to the charge will not be considered. The judgment is affirmed.

*Affirmed.*