### KID WILLIAMS v. THE STATE.

No. 3154. Decided June 28, 1906.

**Perjury—County Attorney—Administering Oath—Statutes Construed.**

In a prosecution for perjury where the evidence showed that the imputed
perjury was committed before the county attorney, and was based upon the
theory that defendant had sworn falsely as to not seeing certain parties play
at a game of cards, in a certain proceeding under article 941, Code Criminal
Procedure. Held, that under articles 34 and 35, Code Criminal Procedure, the
county attorney is authorized to take the affidavit of a complainant charging an
offense and reducing the same to writing and filing same in the proper court, and
for this purpose to administer oaths under article 36, Code Criminal Procedure,
and under article 391, Penal Code, he may subpœna witnesses; yet under these
statutes he was not authorized to administer an oath in a judicial proceeding
as provided for in article 941, supra, which has reference only to magistrates
and not to prosecuting attorneys. A motion to quash indictment should have
been sustained. Overruling Bailey v. State, 41 Texas Crim. Rep., 158.

Appeal from the District Court of Caldwell. Tried below before
the Hon. L. W. Moore.

Appeal from a conviction of perjury; penalty, two years imprison-
ment in the penitentiary.

The opinion states the case.

*McNeal & Ellis,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction of perjury. The evi-
dence shows that the imputed perjury was committed before the county
attorney. The officers made a raid upon the residence of Frazier, un-
der the idea that gambling was there being carried on. Among others,
appellant was found in the house. About midnight he and others
were carried to the courthouse, the county attorney was brought, and
proceeded to swear appellant and ask him some questions. The indict-
ment alleges that appellant stated, when asked by the county attorney,
that he had not seen certain parties play at a game of cards on which
money was bet. It may be seriously questioned if this indictment
is sufficiently specific to charge the offense of gambling at a private

.residence. Without discussing that question, in our judgment the county attorney had no authority to administer the oath and proceed to the investigation as a court of inquiry as 'shown by this record. Articles 34 and 35, Code Criminal 'Procedure, authorize the county attorney to take the affidavit of a complaining witness charging an offense, which shall be returned to the proper court after being reduced to writing and sworn to by the complainant. Article 36, Code Criminal Procedure, authorizes the county attorney for this purpose to administer oaths. So far as we have been able to ascertain from the statutes this is the extent of the authority of that officer to administer oaths. Article 941, Code Criminal Procedure, authorizes the magistrate, whenever he has reason to believe or knows that an offense has been committed to summon witnesses or cause them to be summoned, place them under oath and investigate the matter, and if an offense has been committed, take necessary steps to have the parties prosecuted. . But the limitation of the authority in Texas to hold courts of inquiry is relegated to the judicial department; magistrates and justices, except grand juries. While in gambling transactions the statute seems to authorize the county or district attorney to subpœna persons toward the enforcement of the gambling law, the statutory authority in regard to this matter stops at that point. It does not authorize him to swear witnesses, and the language is so indefinite it is a very serious question as to what is the extent of the power, if any in fact has been conferred by this particular statute upon such officer. Be this as it may, it seems that, under our procedure a limitation is placed upon the authority of the county or district attorney to administer oaths, except as provided in articles 34 and 34 and 36, Code Criminal Procedure. This being true, the statements of the appellant made before the county attorney here were not under such an oath as is authorized by law; that is, not in such judicial proceeding as mentioned in the statute; they were not in a tribunal authorized to administer oaths or to take his testimony. Appellant made a motion to quash as well as in arrest of judgment which should have been sustained.

There are some other questions in the case which would require a reversal, but under the view we take of the legal status of the matter, there is no offense charged, and a discussion of the other matters is not indulged.

For. the reasons indicated the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

. Brooks, Judge, absent.

### ON REHEARING.

### No. 3365. Decided June 29, 1906.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment herein was reversed and the prosecution ordered dismissed. This opinion is in conflict with that in Bailey v. State, 41

Texas Crim. Rep., 158, and being in contravention of that opinion the effect of this opinion is to overrule it. The Assistant Attorney-General has filed a motion for rehearing, basing it upon the Bailey case. We have reviewed the Bailey case and the reasoning, in connection with what we have said in this case and the statutes bearing upon the question, and are of opinion that the Bailey case went too far and placed a construction upon the statute not warranted. Articles 34 and 35 authorize the county and district attorneys to take affidavits that an offense has been committed in their respective districts or counties, and prepare proper pleadings, etc., and article 36 authorizes them, for the purposes mentioned in the two preceding articles to administer oaths. This is as far as our statutes have gone authorizing those two officers to administer oaths in criminal cases, or in regard to criminal matters. Article 391 authorizes the issuance of procees to bring witnesses before the court to examine into violations of the gaming laws, and authorizes the county and district attorneys to cause this process to issue. But as said in the original opinion this seems to end their authority. When this has been done, under article 941, Code Criminal Procedure, the examining court may look into the matter and interrogate witnesses under oath, but it does not clothe the county and district attorney with such judicial power nor undertake to do so. Therefore we are of opinion that the Bailey case is wrong, and should be overruled to this extent. We believe that the original opinion is correct, and therefore the motion for rehearing is overruled.

*Overruled.*

Brooks, Judge, absent.