### Dock Barnes v. State.

#### No. 2090.    Decided December 11, 1912.

#### Rehearing Denied January 22, 1913.

**1.—Perjury—Oath Administered—Statement of Facts—Presumption.**

In the absence of a statement of facts, it must be presumed that the defendant testified falsely before the grand jury; it being contended that the county attorney was not authorized to administer oaths to witnesses before the grand jury.

**2.—Statutes Construed—Oath—Witness—Grand Jury—County Attorney.**

Under Article 439 Code Criminal Procedure, and Articles 574, 9, 34, 391, Penal Code, the county attorney has authority to administer oaths to witnesses before the grand jury under the direction of the foreman of the grand jury, and where the witness swears falsely, such oath is the basis for a prosecution of perjury. Overruling Williams v. State, 50 Texas Crim. Rep., 269. Distinguishing Thomas v. State, 37 Texas Crim. Rep., 142, 38 S. W. Rep., 1011. Following Bailey v. State, 53 S. W. Rep., 117.

**3.—Same—Parties Authorized to Administer Oaths—Witnesses.**

Under Article 439, Code Criminal Procedure, the members of the grand jury, the district attorney, and county attorney alone are authorized to

administer oaths to witnesses under the direction of the foreman, and such oath is within the meaning of the law upon which a prosecution for perjury may be based.

### 4.—Same—Indictment—Other Witnesses—County Attorney.

Where the ground of the motion to quash the indictment, in a prosecution for perjury, was that the indictment showed on its face that the oath administered to the defendant as a witness was administered by the county attorney under the direction of the foreman of the grand jury, and that such oath was not one authorized by law and could not form the basis for a prosecution of perjury, the same was correctly overruled. Davidson, Presiding Judge, dissenting.

### 5.—Same—Statutes Construed—Case Stated.

Article 9, Penal Code, does away with the strict construction of penal statutes and substitutes therefor the plain import of the language in which they are written, and where defendant was charged with perjury, in an investigation before the grand jury concerning gambling cases, the county attorney under the direction of the foreman of the grand jury was authorized to administer the oath to said witness which formed the basis of perjury. Articles 9, 34, 391, 574, Penal Code, and Article 439 Code Criminal Procedure. Davidson, Presiding Judge, dissenting.

### 6.—Same—Indictment—Place of Gaming.

It was not necessary to allege in an indictment for perjury the exact place where the game was played, about which defendant gave false testimony before the grand jury.

Appeal from the District Court of Williamson. Tried below before the Hon. C. A. Wilcox.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Fisher* and *Richard Critz,* for appellant.—On question of administering oaths: Johnson v. State, 85 S. W. Rep., 274; McMurtry v. State, 43, S. D. Rep., 1010; Jenks v. State, 47 Texas, 220, and cases cited in the opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of perjury, and his punishment assessed at two years confinement in the State penitentiary.

There is no statement of facts accompanying the record, so the sole questions to be passed on are presented in the motion to quash the indictment, and in bill of exceptions No. 1. One ground of the motion to quash the indictment is that the indictment showing on its face that the oath was administered by the county attorney, under the direction of the foreman of the grand jury, the indictment should be quashed, as the county attorney is not authorized to administer oaths to witnesses before the grand jury. In bill of exceptions No. 1 it is shown that the defendant objected to proof being made that the county attorney administered the oath to the witness, and proof that the oath was ad-

ministered by him under the direction of the foreman of the grand jury. So the question presented in both the motion and the bill of exceptions may be considered together, for if the county attorney was authorized to administer the oath under the direction of the foreman, the testimony was admissible, and if he was not, this would be fatal to the indictment. That appellant testified falsely before the grand jury, we must presume in the absence of a statement of facts. So the sole question to be decided is, was the county attorney, under the law, authorized to administer the oath. If he was, the case should be affirmed; if not, then it should be reversed and dismissed.

Appellant cites us to the case of Thomas v. State, 37 Tex. Crim. Rep., 142; 38 S. W. Rep., 1011, in which it was held that as the oath to the complaint was taken before the county attorney of Erath County, it could not be the basis for an information filed by the county attorney of Hood County, in the County Court of the latter county, this case merely holding that the authority of the county attorney to take oaths was limited to the county in which he was elected. However, in the case of Williams v. State, 50 Tex. Crim. Rep., 269; 96 S. W. Rep., 47, it is held that the county attorney has no authority to swear a witness in any instance, but his authority is limited solely to swearing a person to a complaint, and he has authority to swear a witness in no instance, and if this is the law appellant's motion must be sustained. In the Williams case it was held that where the county attorney summoned a witness to testify in regard to gambling transactions he had no authority to administer an oath to such witness. Article 574 of the Criminal Code provides: "Any court, officer, or tribunal, having jurisdiction of the offenses enumerated in this chapter, *or any district or county attorney,* may subpœna persons and compel their attendance as witnesses to testify as to the violations of any of the provisions of the foregoing articles." (These articles relate to gaming in every conceivable form.) What was the object and purpose of this provision of the Code in authorizing district and county attorneys to summon witnesses before them to testify as to violations of the gaming laws if they were not authorized to administer oaths to such persons? To us it seems but folly to say they have authority to subpœna and compel the attendance of witnesses to testify, and yet such officers have no authority to administer oaths to such persons. Article 9 of the Penal Code provides that the Code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects. This article has been frequently before this court, and it has consistently been held that it does away with the strict construction of penal statutes and substitutes therefor the plain import of the language in which they are written. (Randolph v. State, 9 Texas, 521; Ex Parte Gregory, 20 Texas Crim. App., 210; Murray v. State, 21 Texas Crim. App., 620; Searcy v. State, 40 Texas Crim.

Rep., 460; Bowman v. State, 38 Texas Crim. Rep., 14.) And it has further been held that the courts must be controlled by the legislative intent when that is plainly manifest. Ex Parte Robinson, 28 Texas Crim. App., 511; Ex Parte Creel, 29 Texas Crim. App., 439; Rigby v. State, 27 Texas Crim. App., 55, and Brooks v. Hicks, 20 Texas, 666. The clear intent and purpose of the Legislature is, we think, manifest by this Act of the Legislature, and it authorized the district and county attorneys to summon witnesses before them, swear them and compel them to testify in regard to violations of the laws against gambling, and the Williams case, supra, so far as it is in conflict with this view, is not the law; and it was so held by this court in a well considered opinion by Presiding Judge Davidson, in the case of Bailey v. State, 53 S. W. Rep., 117, wherein he said: "Appellant's first proposition is that the county attorney is not an officer authorized to administer oaths under such circumstances. Under the terms of the statute, the county attorney is authorized to administer such oaths. Code Cr. Proc., Art. 34; Pen. Code, Art. 391. The latter article provides that 'any court officer or tribunal having jurisdiction of the offense enumerated in this chapter, or any district or county attorney, may subpœna persons and compel their attendance as witnesses to testify as to violation of any of the provisions of the foregoing articles.' The portion of the section quoted applies directly to violations of the gaming laws. Construing these two sections together, we think there is no question of the authority of the county attorney to administer the oath as was done in this case. Article 391 would be a dead letter on the statute book, if it gave authority to the county attorney to bring witnesses before him in order to inquire into violations of the gaming laws, and failed to carry with it authority to compel the testimony of the witnesses under oath; and it would seem to render nugatory the provisions of article 34 of the Code of Criminal Procedure, if he were not authorized to administer oaths." The reasoning in this case appeals more strongly to our judgment, and is, in our opinion, a more correct exposition of this law.

Article 439 of the Code of Criminal Procedure provides that "the following oath shall be administered by the foreman of the grand jury, or under his direction, to all witnesses before being interrogated." (Then follows the oath.) Who are authorized by law to be with the grand jury in the investigation of violations of the law? Only the twelve grand jurymen and the district and county attorney. No authority in law is found for any other person to be present. Then what does the law mean when it says that the oath must be administered by the foreman or under his direction? It certainly means, and this was the clear intention of the Legislature, that the oath must be administered by some person, under the direction of the foreman, authorized by the law to be in attendance upon the grand jury, and if the oath is administered by either member of the grand jury, or any person authorized by law to be in attendance upon the grand jury, it is an oath within the meaning of the law, and upon which the crime of

perjury can be based. As hereinbefore stated, Article 9 of the Code provides that every provision shall be construed according to the plain import of the language in which it is written, and the language of this provision clearly indicates that if the oath is administered by the foreman of the grand jury, òr any person authorized by him, the oath will be binding. Whom can he authorize? Only such persons as are authorized by law to be in attendance upon the grand jury—the twelve grand jurymen, and the district and county attorney. The foreman of the grand jury could authorize either member of the grand jury or the district or county attorney, to administer this oath, giving to the act of the Legislature the plain meaning and intent of the words used by it, and as the indictment alleges that the county attorney did administer the oath in accordance with the directions of the foreman of the grand jury, we hold that the indictment is not fatally defective,—the allegation being that ''Dock Barnes did then and there present himself and make his personal appearance to testify as a witness before said grand jury, and John A. Brewster, foreman of the said grand jury, did then and there direct H. N. Graves, the county attorney of said county, to administer the said oath to said witness, and the said Graves did then and there administer to the said Barnes the said oath as a witness,'' etc. We hold that the county attorney had authority in law to administer such oath, and a false statement made under the sanction of such oath would be perjury under the provisions of our law. And as we hold that the county attorney had authority to administer such oath, under the authority of the foreman of the grand jury, there was no error in admitting the testimony that such oath was administered under the direct authority given by the foreman of the grand jury.

The other grounds in the motion present no reason why the indictment should be quashed, as it was not necessary to allege whether the slaughter pen was located north, south, east or west of the town of Granger.

The judgment is affirmed.

*Affirmed.*

[Rehearing refused January 22, 1913.—Reporter.]

DAVIDSON, Presiding Judge.—I respectfully enter my dissent and purpose writing a few observations later.

DAVIDSON, Presiding Judge (dissenting).—My brethren have affirmed the judgment herein and on rehearing have overruled the motion, thus making the conviction final. One of the questions at issue is whether or not the county attorney has authority to administer oaths before a grand jury in session investigating violations of the law. The county attorney, Hon. H. N. Graves, testified he was such in February, March, April, May and June, 1912. That in June of that year he as county attorney was before the grand jury; that he was not personally acquainted with appellant, but identified him as the witness before

the grand jury. He says, "I don't recall whether it was at the instance and request at that time of the foreman, or whether there was anything said about that at that time," referring to the time the witness was sworn by him as county attorney. This occurred inside the grand jury room and before the grand jury then in session. Appellant was a witness before that body. Brewster testified that he was foreman and knew appellant. That appellant was before the grand jury and was sworn to testify by H. N. Graves as county attorney of Williamson County. He says he requested the county attorney or the district attorney, Mr. Hamilton, to swear witnesses as they came in, to save time, and Mr. Graves was the one who swore Barnes; that the oath was administered by Mr. H. N. Graves as county attorney. Dr. McCarty testified he was on the grand jury at the time mentioned, and appellant came before the grand jury and was sworn as a witness by Mr. Graves as county attorney. They were then investigating gaming cases. Cooke testified he was a member of the grand jury, and recalled the fact that appellant was sworn as a witness by Mr. Graves. This is shown by bill of exceptions.

The contention of appellant is that the oath administered to him before the grand jury by the county attorney is not such oath as is authorized by law. My brethren hold that his proposition is erroneous. I believe he is correct. The county attorney is not authorized under our law to administer oaths except to take complaints, and his authority is conferred by the Legislature as shown in Code of Criminal Procedure, Articles 34, 35 and 36. These different articles provide that whenever complaint is made before a district or county attorney that an offense has been committed in his district or county, as the case may be, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney. After this complaint has been reduced to writing it is the duty of the county attorney to prepare an information predicated upon the complaint and file it with the complaint in the court having jurisdiction of the offense, and Article 36 authorizes the district and county attorney to administer oaths for this purpose as provided in Articles 34 and 35.

It has been decided by this court in passing upon these statutes that the complaint cannot be taken by the county attorney of one county to be used in another county; that is, the complaint taken by the county attorney in one county will not support an information filed by the county attorney in another county. Thomas v. State, 37 Texas Crim. Rep., 142. It has also been decided by this court in Williams v. State, 50 Texas Crim. Rep., 269, that a county attorney cannot under this article, that is Article 34, take an affidavit of the complainant under Article 976 of this Code. Article 976 provides that when a justice of the peace has good cause to believe an offense has been or is about to be committed against the law, he may summon witnesses in relation thereto, and if it shall appear from the statement of any witness or

witnesses that an offense has been committed, the justice which reduce the statement to writing and cause it to be sworn to by the witness or witnesses making the statement, and thereupon the justice of the peace shall issue a warrant for the arrest of the offender the same as if complaint had been made out and filed against such offender. Under all these statutes the county attorney is limited in his authority to take affidavits. It is scarcely necessary to the legal or judicial mind to make the statement that an officer is not authorized to administer oaths or take affidavits unless he has been authorized by law and that his authority to take affidavits or administer oaths is limited by the authority conferred by the legislature. This is axiomatic. Under our form of government no officer is authorized to do things in any way except by constitutional or legislative authority. If the Legislature has conferred authority upon an officer to take affidavits or administer oaths, this is the limit of such authority, and the officer has no other authority to administer oaths, and without such authority he is powerless to act. This is fundamental and axiomatic. It would follow that the county attorney cannot administer oaths except for the purpose of taking complaint as a basis of information or for the prosecution of offenses. He cannot administer oaths except as authorized by the statute. It is laid down as a correct proposition, that "to make the falsity of an oath perjury, the oath must be taken in the presence of an officer authorized to administer it, and must be evidenced by an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. The question what amounts to a valid oath has not so often arisen in other connections, but some authorities are collated in the notes." This is a quotation from Vol. 21, American & English Ency. of Law, p. 747. The authorities supporting the above text are mentioned in the foot-notes on that page. It has been asserted that "a person authorized to administer oaths cannot administer an oath to himself." Same authority: "The power to administer an oath is held to be incidental to judicial officers, including justice of the peace. Upon other officers it must be conferred directly by the legislature." Dalton v. Higgins, 34 Ga., 433; Harmon v. Stockwell, 9 Ohio, 94. "Officials are sometimes authorized to administer oaths for particular purposes or in certain proceedings only." Wherever this is the case, of course the party has authority to administer the oath, but this does not confer any authority upon him to administer oaths in any other manner. Where the statute prescribes an oath shall be taken before a certain designated officer, it is of no validity when taken before any other officer, though he be authorized to administer oaths or affirmations. The authorities are collated in note 7 on page 748, Vol. 21, American & English Ency. of Law. If the statute does not designate the particular officer before whom the oath or affirmation shall be taken, it can be taken before any officer having general authority under the statutes of the State to administer oaths. The authorities supporting this are found in same volume of American & English Ency. of Law, in note 8.

The oath in this case was alleged to have been administered by the county attorney before the grand jury. The county attorney, as before stated, has limited authority to take affidavits as a basis of complaint for prosecution of criminal cases. He would, therefore, have no other authority, because the Legislature has not conferred any such authority; his limit is the statute; his is statutory authority. The statute did not designate him as an officer to take oaths or affirmations before the grand jury. It has also been held that an oath or affirmation administered by an officer without the territorial limits of the State of which he is an officer or without the territorial limit of the district for which he is appointed to act is of no effect. The supporting authorities to this proposition are found in Vol. 21, American & English Ency. of Law, p. 749, collated in notes 6 and 7. Authorities, however, it seems to me would not be necessary to support such a proposition for the obvious reason that an oath cannot be administered under our form of government unless the party administering the oath has been thereunto authorized by the legislature or such power is conferred by the Constitution. The last proposition is in strict accord with the decisions of this State as heretofore announced, among others, the proposition asserted above, to wit: that the county attorney cannot take a complaint in one county to be used as a basis of information in another county. So it may be said of the justice of the peace; he cannot exercise authority outside his own bailiery in reference to these matters. Our constitutional form of government divides the authority among the different officers, and prescribes the duties of such officers, and that is the limit of authority, and not only the limit of authority but limits the authority of others to invade that part of the governmental domain. I scarcely believe that it would be contended, at least seriously contended, that a county attorney could act as a notary public, or that he could administer oaths generally in the face of the statute which only authorizes him to administer oaths under certain circumstances stated in legislative enactments. To hold the county attorney is clothed with general authority to administer oaths, would be to confer upon him authority by judicial authority or by judicial construction not only not granted by the legislature but withheld. Courts, like legislatures, are hedged in by authority. The legislature may not decide cases on appeal from convictions. The courts are not authorized to enact laws. The county attorney has been only authorized to administer oaths for the purpose of filing complaints as a basis of prosecution. I can understand very well how this ought to be and perhaps might be necessary, because he is the prosecuting officer, and it is proper that he should be clothed with authority that he might take complaints in order to prosecute such violations. But that does not confer upon him authority to administer oaths in the grand jury room. The grand jury cannot file complaints; they can only present indictments. The foreman has been clothed with authority to administer the oath, or have it administered, before that body, but that general authority to cause

oaths to be administered does not authorize that foreman to clothe individuals with authority to administer oaths. The foreman is limited to administer oaths before the grand jury, and except when he is foreman of that body he has absolutely no such authority. Looking to this in the general light of the past and history of the matter, the construction to be placed upon this is that he either must administer the oath or must take the witness before the district court and there have the oath administered. In some of the states the oath must be administered to the witness before he testifies before the grand jury by the district judge or in the district court or in the proper court. And in the absence of statutory enactment conferring power upon the foreman of the grand jury to administer oaths, such oaths must be administered in the court of which the grand jury is a part of its machinery. Under our Constitution and by the divisions of power and Art. 2, sec. 1, of the Constitution the powers of government are ordained to be kept separate—legislative, judicial and executive—and neither shall invade the province of the other. The legislature alone can confer authority upon officers to administer oaths unless that authority has been conferred by the Constitution. This court can confer no authority upon any citizen of Texas, or any officer of Texas to administer oaths. The court itself or its members may administer oaths for certain purposes, but the members of this court cannot administer oaths generally, and before a member of the Court of Criminal Appeals can administer an oath at all the law must clothe him with authority to administer such oath. The court itself cannot clothe any member of the court with authority to administer an oath; this must be done either by the Constitution or legislative enactment. This court, therefore, could not nor could the foreman of a grand jury, nor the district court, confer authority upon a county or district attorney to administer an oath. The legislature must do this; that body alone is clothed with such authority.

I do not believe, therefore, that the county attorney of Williamson County, Mr. Graves, had any authority to administer this oath, because not conferred upon him by statute. His authority to administer oaths is limited by legislative enactment to those cases in which he is taking complaints as a predicate for prosecutions. He is not a grand jury and is not authorized to find indictments. He can only swear witnesses to complaints as provided for by Arts. 34, 35 and 36 of the Code of Criminal Procedure. I deem it unnecessary to follow this question further. It is obvious to my mind that this witness was not sworn before the grand jury, because the county attorney had no authority to swear him, and the grand jury had no authority to confer power upon the county attorney to do such thing. The legislature alone can do this. The legislature cannot delegate power to the foreman of a grand jury to authorize any citizen of Texas to administer oaths.

I therefore most respectfully dissent.