## J. C. Eoff v. The State.

No. 3211. Decided October 14, 1914.

Rehearing denied November 11, 1914.

**1.—Perjury—Evidence—Agreement—Attorney and Client.**

Where the agreement between defendant's and State's counsel was made in open court in defendant's presence and hearing, was introduced without objection by defendant, and evidenced no matter which would tend to show that defendant was guilty of false swearing, but only some preliminary matters that were necessary to be proven, it is too late to raise the question that de-

fendant did not personally assent to said agreement or make the same in motion for new trial; besides, the same facts were proved by other testimony.

**2.—Same—Grand Jury—Administering Oath—Indictment.**

In an indictment for perjury before the grand jury, it was unnecessary to allege any other facts than that the oath was administered to the witness by some person under the direction of the foreman; besides, it was shown that the district attorney administered the oath under the direction of the foreman. Following Bailey v. State, 41 Texas Crim. Rep., 157, and other cases.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Baldwin* and *Cunningham & McMahon,* for appellant.—On question of administering oath: Williams v. State, 50 Texas Crim. Rep., 269; Brown v. State, 55 id., 572; Davis v. State, 70 N. W. Rep., 984; Cardenas v. State, 58 Texas Crim. Rep., 109, 124 S. W. Rep., 953; Goodwin v. Harrison, 66 S. W. Rep., 308.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of administering oath: Massie v. State, 5 Texas Crim. App., 81.

On question of agreement of counsel: Harris v. State, 167 S. W. Rep., 43.

HARPER, JUDGE.—Appellant was prosecuted and convicted of perjury, and his punishment assessed at two years confinement in the State penitentiary.

J. M. Baldwin was attorney for appellant on the trial of this cause. The record discloses that an agreement between counsel for the State and defendant was introduced in evidence on the trial of the case, appellant being present at the time. The facts agreed to were material and necessary to be proven on the trial of the case. After conviction appellant employed additional counsel, and they in the motion for new trial complain that the court erred in admitting this agreement in evidence, appellant alleging that he was not consulted in regard thereto; that he personally had made no such agreement and that excluding the agreement the evidence would not sustain a conviction. On the hearing on the motion for new trial the court heard evidence on this ground in the motion, and Mr. Baldwin testified: "My name is J. M. Baldwin. I am an attorney at law and was the sole attorney representing J. C. Eoff in the trial of this case at this term of the court. I made the following agreement with the district attorney, Mr. Lipscomb: 'It is agreed that the February Term of the District Court of Fannin County, Texas, 1914, was duly organized on the 2nd day of February, and that the grand jury for said term of court was duly organized with twelve men as required by law, with O. W. McLendon duly and legally appointed foreman of the grand jury; and that local option was in full

force and effect in Fannin County, Texas, prohibiting the sale of intoxicating liquors within said county, and has been since July 19, 1903.' The defendant, J. C. Eoff, was not consulted and did not make any agreement whatever. The agreement was made in open court before the jury on the trial of the case, the defendant sitting present."

Mr. Lipscomb testified: "My name is R. T. Lipscomb and I am the district attorney and prosecuted the case of which this defendant, J. C. Eoff, was convicted and has his motion for a new trial pending. The agreement was made with Mr. Baldwin, his attorney, in the presence and hearing of the defendant, in open court and before the jury, with the understanding that the agreement be introduced and go in the record as evidence and before the jury as evidence in the trial of this case. The agreement I speak of is the one that was offered before the jury."

Appellant testified, admitting that he was present when these proceedings were had, but says he was not consulted about the agreement, and did not authorize his attorney to make such agreement.

The agreement evidenced no matter that would tend to show that appellant was guilty of swearing falsely before the grand jury, but only evidenced some preliminary matters that were necessary to be proven. Appellant's attorney having made the agreement in open court in his presence and hearing, and the agreement having been introduced in evidence without objection on the trial, it is too late to raise the question, as to such matter, after verdict in a motion for new trial, when there is no allegation of improper motives actuating his counsel, for in such event having been made in his presence and hearing, without objection, the law would imply his consent thereto. Had he at that time offered objection to the introduction of the agreement, it would be fatal to the conviction. But as the agreement related only to recorded matters of preliminary proof and did not tend to show whether the testimony given alleged to be false was in fact untrue, objection comes too late after verdict, when he at least had impliedly consented thereto at the time it was introduced in evidence. In addition to this all the witnesses testified that the grand jury was in session and the oath duly administered to appellant. So that fact was amply proven by oral testimony in addition to the agreement, and it is shown by circumstantial testimony at least that prohibition was in force by oral testimony.

The indictment alleges that appellant "did make his personal appearance to testify as a witness before said grand jury, and R. T. Lipscomb, *under the direction of the foreman of said grand jury,* as he was then and there authorized by law to do, did administer to the said J. E. Eoff the oath as a witness," etc. It is contended that the "indictment alleges no facts showing that said Lipscomb had authority under the law to administer oaths." It was unnecessary to allege any other fact than that the oath was administered by some person under the direction of the foreman. (Art. 427, White's Ann. Proc.; Bailey v. State, 41 Texas Crim. Rep., 157; Barnes v. State, 68 Texas Crim. Rep., 498, 152 S. W. Rep., 1043.) Such allegation is sufficient in the indictment. On the trial the facts might show that no direction had been given by the fore-

man, or that the person whom the foreman had directed was one whom he could not authorize, but such facts do not appear in this record. On the other hand, it is affirmatively shown that the oath was administered by the district attorney under the direction of the foreman.

The evidence sustains the conviction, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 11, 1914.—Reporter.]