FRANK SULLIVAN v. THE STATE.

No. 4676.   Decided May 29, 1918.

**1.—Local Option—Agreement Between Counsels—Waiver—Rule Stated.**

While counsel can not agree to waive the introduction of criminative facts, the defendant may, if the waiver is warranted by law, but the fact that local option was in effect would not be considered as a criminative fact, and the absence of objections, there was no error. Following Morton v. State, 37 Texas Crim. Rep., 131, and other cases.

**2.—Same—Evidence—Identification.**

Upon trial of a violation of the local option law it was reversible error to permit the introduction of a bottle of whisky in evidence which had not been sufficiently identified as the one alleged to have been sold. Dane v. State, 36 Texas Crim. Rep., 84, and other cases.

Appeal from the District Court of Grayson.   Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. P. Abney* and *B. F. Gafford,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at one year confinement in the penitentiary.

The State's case, in substance, is that Roberts, a deputy sheriff, gave the witness Gatewood a dollar bill with which to purchase intoxicants. He testifies that he took the number of the bill and later during the

day recovered it from appellant. Gatewood testified that Roberts gave him the dollar bill, and that he went with another witness named Craven to appellant and bought whisky and paid for it with the dollar bill given him by Roberts. There is testimony of another witness for the State, who was a constable in one of the outlying precincts, to the effect that he saw the witness Gatewood come from appellant's place of business, and later they got the whisky from his person. Gatewood says there were two or three other parties in the house at the time he made the purchase, but these witnesses were not used on the trial. Craven testified that Gatewood came to a barber shop and gave him a drink of whisky out of a bottle which he had then in his possession; that this was before Gatewood claimed to have gone to appellant's place of business. In fact, Craven denies the testimony of Gatewood, and shows that Gatewood had the whisky before he saw appellant, and that he, Craven, borrowed fifty cents from Gatewood and Gatewood informed him he had no money except this dollar bill, which he handed to Craven, and Craven went to appellant's place of business and changed it and got in return two half silver dollars. This accounts, from defendant's standpoint, for the whisky, and for the fact that appellant had the dollar bill. Appellant's theory seems to be, from this testimony, that this was a sale by Gatewood to Roberts for the dollar bill, and that he did not purchase the whisky from appellant, but had it in his possession, and later gave the whisky to Roberts in return for the dollar bill.

There is an agreement set out in quotations in the record to the effect that the felony local option law was in force in Grayson County, and had been since 1910 up to the present time. There was no objection urged to this testimony at the time it was offered. Had an objection been made the court would have sustained it. We are of opinion under the authorities, as the matter is presented, it does not constitute reversible error. While counsel can not agree to waive the introduction of criminative facts, the defendant may, if the waiver is warranted by law, but the fact that local option was in effect would not be considered as a criminative fact, and in the absence of objection we are of opinion this was not error. This matter came for decision in Morton v. State, 37 Texas Crim. Rep., at page 131. The opinion was written by Judge Hurt, in which the proposition was laid down that local option may be shown by oral testimony or agreement, in the absence of objection. The same proposition is laid down in Eoff v. State, 75 Texas Crim. Rep., 244. Also in this connection see 55 Texas Crim. Rep., 541.

A bill of exceptions was reserved to the admission of the supposed bottle of whisky turned over to Roberts by Gatewood. The evidence as to the identification of the bottle as that purchased and seriously contested is not clear, but the bill recites, substantially, that over several objections by appellant the bottle was permitted to go to the jury as well as its contents. We are of opinion this was not only error but under the circumstances of this case of sufficient importance to require a reversal of the judgment. See Drane v. State, 36 Texas Crim. Rep., 84;

Parker v. State, 75 S. W. Rep., 30; Branch's Ann. P. C., p. 702; Alexander v. State, recently decided.

For this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*