## J. R. LANDERS v. THE STATE.

No. 5254.  Decided March 26, 1919.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Intoxicating Liquor—Whisky.**

Whisky is *per se* an intoxicating liquor.

**3.—Same—Law in Force—Agreement.**

Where, upon trial of a violation of the local option law, the record on appeal showed that the county attorney agreed with the attorney for the defendant that the proof of the record showing that prohibition was in force would be waived, and that it was agreed that the law was in force in the county of the prosecution, this was sufficient to show that the prohibition law was in effect and there was no reversible error. Following Eoff v. State, 75 Texas Crim. Rep., 244, 170 S. W. Rep., 707, and other cases.

Appeal from the County Court of Madison. Tried below before the Hon. T. J. Ford, judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited Starnes v. State, 52 Texas Crim. Rep., 403, 107 S. W. Rep., 550.

MORROW, JUDGE.—The appellant appeals from a judgment assessing a fine of $25, and a jail penalty of twenty days in jail for violating the local option prohibition law.

In his motion for a new trial he complains that the evidence is insufficient. His contention is that it was not proved that the liquor was intoxicating, and there was no legal proof that prohibition was in effect, and that a sale was not established.

The prosecuting witness owed appellant one dollar, and went to his place of business and paid him seventy-five cents, and asked if he had any whisky. Appellant replied, "Yes, I have some stuff." The witness asked the price of a quart, and appellant stated $3.50. Witness said that he would take some but had no money. The accused said: "If you want it, take it, I can't drink the stuff," and asked how much he wanted. Witness said a quart, and the accused delivered him two pint bottles. The witness was accosted by an officer when he had possession of the liquor, and it was taken to the county attorney. Witness dropped a bottle on the floor, and the county attorney stuck a match to it and

tried to burn it, but it would not burn. The officer was asked if he got any whisky off of witness, and replied, yes, that he got two pint bottles; that he had kept one of them and put it in the safe of one Norwood, but on showing that Norwood had access to the safe the court sustained objection to the introduction of the bottle and its contents. This evidence, while not as specific as it might be, detailed sufficient circumstances, we think, to justify the conclusion reached by the jury, that there was a sale of whisky by appellant. Whisky is, *per se,* an intoxicating liquor.

Touching the proof that prohibition was in effect, the record shows that after the trial begun the county attorney asked the defendant's attorney if he would waive proving the records, and receiving an affirmative reply, the county attorney asked if he would admit that prohibition was in effect in Madison County, to which the attorney replied, yes. This conversation took place in the presence of the jury. The case of Starnes v. State, 52 Texas Crim. Rep., 403, 107 S. W. Rep., 551, is one presenting a similar question. The defendant's attorney was there asked if he would agree that prohibition was in effect, which he declined to do, but stated he would waive reading the records and regard them as read, reserving an exception, however, to that part of one of the records which would recite the order of the county judge designating the newspaper in which the result was published. No evidence was introduced further than this agreement showing that prohibition was in force. The court refused to instruct the jury that it was not proved, and this ruling of the court was sustained on appeal. We observe no substantial distinction between the facts on this issue in the case reported and the instant case, and we have been referred to no authority calling in question the correctness of the ruling made. It is not uncommon that counsel for one accused of crime made, by failing to object to oral testimony to the contents of a written instrument at the time of its admission in evidence, waive the proof by the best evidence. Morton v. State, 37 Texas Crim. Rep., 131, where the result of a local option election was proved without objection by verbal testimony, furnishes an example of this practice. This court in Eoff v. State, 75 Texas Crim. Rep., 244, 170 S. W. Rep., 707, held that an agreement made by the attorney for the appellant to the effect that the sale of intoxicating liquors was prohibited under the local option law, was binding upon the accused, he being present at the time and making no objection, though not specifically consulted. A similar ruling with reference to an agreement touching another matter was made in Sutton v. State, 76 Texas Crim. Rep., 70, 172 S. W. Rep., 791, and in Sullivan v. State, 83 Texas Crim. Rep., 477, 204 S. W. Rep., 1169, the matter again arose, and Presiding Judge Davidson expressed the views of the court in the following language:

"There is an agreement set out in quotation in the record to

the effect that the felony local option law was in force in Grayson County and had been since 1910 up to the present time. There was no objection urged to this testimony at the time it was offered. Had an objection been made, the court would have sustained it. We are of opinion under the authorities, as the matter is presented, it does not constitute reversible error. While counsel cannot agree to waive the introduction of criminative facts, the defendant may· if the waiver is warranted by law; but the fact that local option was in effect would not be considered as a criminative fact, and in the absence of objection we are of opinion this was not error." We think this is a correct disposition of the point adverse to appellant's contention.

Finding no errors in the record the judgment is affirmed.

*Affirmed.*