JOHN MULLENEX v. THE STATE.

No. 8775. Delivered January 7, 1925.

No motion for rehearing filed.

**Burglary—Agreement of Counsel—When Binding.**

The record is without statement of facts, or bills of exception. In his motion for a new trial appellant asserts on oath, that an agreement, claimed

to have been made between his counsel and that of the state, under which it was admitted that the owner of the alleged burglarized premises, if present would testify that he did not give appellant permission to take therefrom property belonging to him, was made without his consent. Some dispute arose over the agreement, whereupon appellant's counsel, in the presence and hearing of appellant, stated that the defendant would admit that neither the prosecuting witness, nor any one else gave to defendant permission or consent to enter the burglarized premises, or take the property in question. These matters were primarily for the trial judge and having been heard and acted upon by him, present no matter calling for review. See Eoff v. State, 170 S. W. Rep. 707; Landers v. State, 210 S. W. Rep. 695, Sullivan v. State, 204 S. W. Rep., 1169.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Munroe, Judge.

Appeal from a conviction for burglary; punishment two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of McLennan county of burglary, and his punishment fixed at two years in the penitentiary.

The record is before us without bills of exception or statement of facts. The only complaint appears to be that evidenced by appellant's motion for new trial in which he asserts upon his oath that an agreement claimed to have been made between his counsel and that of the State under which it was admitted that the owner of the alleged burglarized premises, if present, would testify that he did not give appellant permission to enter his house or take therefrom property belonging to him,—was made without his consent. It appears from the record that the State controverted this claim of the appellant and in the affidavit of the county attorney constituting the traverse it is stated that an agreement to the above effect was entered into between appellant's counsel and the county attorney prior to the beginning of the trial. It is also stated that after the trial was begun when the State's attorney offered to state to the jury what the testimony of the absent witness would be, according to the agreement referred to, that some dispute arose over the agreement, and he, the county attorney, stated that if the agreement was not honored and the testimony permitted, the State would have to withdraw its announcement of ready, whereupon appellant's counsel, in the presence and hearing of appellant, stated that the defendant would admit that neither the prosecuting witness nor anyone else gave to defendant permission or consent to enter the burglarized premises or take the property in question; that at the time this statement was made by appellant's counsel he was within five

feet of appellant in the court room and that appellant heard all that was said and saw all that was done and made no objection.

These matters were primarily for the learned trial judge, and having been heard and acted upon by him, are deemed by us to present no matter calling for our review. Eoff v. State, 170 S. W. Rep. 707; Landers v. State, 210 S. W. Rep. 695; Sullivan v. State, 204 S. W. Rep. 1169.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*