## MULLENEX v. STATE. (No. 8775.)

(Court of Criminal Appeals of Texas. Jan. 7, 1925.)

Criminal law ⚌1158(2)—Whether agreement as to testimony of absent witness had been made without defendant's consent held matter for trial judge's determination.

Whether agreement between state and defendant's counsel that owner of burglarized premises, if present, would testify that he had not given defendant permission to enter his house or take property therefrom, was made without defendant's consent so as to warrant new trial *held* matter for determination by trial judge.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

John Mullenex was convicted of burglary, and he appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of McLennan county of burglary, and his punishment fixed at two years in the penitentiary.

The record is before us without bills of exception or statement of facts. The only complaint appears to be that evidenced by appellant's motion for new trial in which he asserts upon his oath that an agreement, claimed to have been made between his counsel and that of the state, under which it was admitted that the owner of the alleged burglarized premises, if present, would testify that he did not give appellant permission to enter his house or take therefrom property belonging to him, was made without his consent. It appears from the record that the state controverted this claim of the appellant, and in the affidavit of the county attorney constituting the traverse it is stated that an agreement to the above effect was entered into between appellant's counsel and the county attorney prior to the beginning of the trial. It is also stated that, after the trial was begun, when the state's attorney offered to state to the jury what the absent witness testimony of the absent witness would be, according to the agreement referred to, some dispute arose over the agreement, and he, the county attorney, stated that, if the agreement was not honored and the testimony permitted, the state would have to withdraw its announcement of ready, whereupon appellant's counsel, in the presence and hearing of appellant, stated that the defendant would admit that neither the prosecuting witness nor any one else gave to defendant permission or consent to enter the burglarized premises or take the property in question; that at the time this statement was made by appellant's counsel he was within five feet of appellant in the courtroom; and that appellant heard all that was said and saw all that was done and made no objection.

These matters were primarily for the learned trial judge, and, having been heard and acted upon by him, are deemed by us to present no matter calling for our review. Eoff v. State, 75 Tex. Cr. R. 244, 170 S. W. 707; Landers v. State, 85 Tex. Cr. R. 109, 210 S. W. 695; Sullivan v. State, 83 Tex. Cr. R. 477, 204 S. W. 1169.

Finding no error in the record, the judgment will be affirmed.