A. S. Lewallen v. The State.

No. 12965.   Delivered February 5, 1930.
Rehearing granted June 11, 1930.
Reported in 29 S. W. (2d) 371.

The opinion states the case.

*Lon A. Brooks,* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted of having unlawfully burned an automobile belonging to him, which was insured against loss or damage from fire; punishment assessed was two years' confinement in the penitentiary.   Prosecution is under Article 1322 P. C., revision of 1925.

After having introduced the facts and circumstances regarding the burning of the automobile the district attorney announced that he had an agreement "with the defense that it will be admitted in this particular case that the car that was burned there that day was insured against loss by fire."   Appellant himself testified that the car was insured but was not asked particularly with reference to the terms of the insurance nor what it covered.   For the first time in this court appellant presents the proposition that the agreement above set out should be discarded by us on the ground that it does not affirmatively appear from the record that the agreement was made with appellant himself, and that without such agreement there is no evidence showing that the car in question was insured against loss or damage by fire.   As supporting the proposition appellant cites Mullenex v. State, 98 Tex. Cr. R. 593; Eoff v. State, 75 Tex. Cr.

R. 244, 170 S. W. 707, and Sullivan v. State, 83 Tex. Cr. R. 477, 204 S. W. 1169. We think the cases referred to are stronger against appellant than in his favor. The statement made by the district attorney appears in the statement of facts and we must presume it was made in open court in the presence of appellant and counsel representing him and that no objection whatever was interposed. So far as this court knows the agreement may in fact have been made with appellant in person. No reference whatever is made to the incident even in the motion for new trial. If it had been the trial court would have had opportunity to ascertain whether any ground existed why the agreement should not have been considered. The propriety of admitting before the jury the agreement in question was primarily for the trial judge; it having been received by him every presumption obtains in favor of the correctness of his ruling. We are in no position to review the question nor to discard the agreement in considering the case.

The only other point urged by appellant is a claim that the evidence generally is not sufficient to support the verdict. We deem it unnecessary to set it out here in detail. We have reached the conclusion that we would be unauthorized to disturb the verdict of the jury under the facts presented.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The following is a synopsis of the State's testimony. The witness Lowe, while driving his automobile upon the public highway in or near the town of Abilene about daybreak, observed an automobile on fire. He heard a noise coming from a Johnson Grass field, and in going into the field he found the appellant lying on the ground. His face was bloody and his clothes were burned. His legs seemed badly hurt. It seemed like one side of his face and eye were hurt badly. Blood was tricking down in two or three places. A part of his trousers was burned off. He was about twenty steps from the car. There was a fence between them. The windshield was broken out of the car. The door was open on the side towards the place where the appellant was found. The car was burned all over. There was some indication of grease upon the clothes of the appellant. Lowe was unable to carry the appellant and got another person to help him to put the appellant in Lowe's car. When asked where he lived, the appellant indicated that he could not

speak and pointed to his hip pocket in which there was found a case with cards giving his name and address. The appellant was brought to town, and as he appeared to be suffering an ambulance was called. On the way to town the appellant explained to Lowe that he was driving on a certain street and that some one stepped upon the running-board of his car and threw something on him and that was all that he remembered; that his money, about eight dollars, was gone. At a subsequent date after the appellant had recovered, he told Lowe that he had been indicted and might need him as a witness.

Lowe reported the matter to the sheriff and the deputy sheriff went to the locality of the car which was burned and described the surroundings. He said there was a piece of charcoal near the dashboard and that the running-board was covered with rubber which was burned. There were some little pieces of board about six inches long (thin box-board stuff) lying on the running-board. There was no wood in the car that would have burned into charcoal. The witness examined the appellant and saw no injuries except from his knees down and abrasions on his face. The burns were on both legs from his knees down to the shoe tops. The gas tank, when examined by the witness, had not exploded, but was without gasoline in it. The thin pieces of board mentioned were not observed by him the first time he went to the car but he saw them when he went there later.

The appellant introduced a number of witnesses who testified that his reputation as a peaceable law-abiding man was good. There was no controverting evidence upon that subject.

The appellant testified in his own behalf that he was driving his car in the morning before daybreak and that someone stepped up on the running-board of his car and "stuck" a gun in his face; that he could not see well out of his right eye but he thought the party had a shotgun. When he was told to "stick them up," he became unconscious and remained so until Mr. Lowe appeared. He testified that his automobile was a Chevrolet car and had been driven about 25,000 miles; that he had borrowed sixty dollars from Mr. Haag, who required a mortgage on the car; that the mortgage was secured by insurance on the car and that he obtained insurance for sixty dollars; that the mortgage had not been paid nor the insurance collected.

The exculpatory matters which were introduced by the State showing the condition in which the appellant was found and his explanation as soon as revived as to the cause of his plight were not

controverted. The appellant's testimony on the trial is in accord with his declarations at the time he was found. His testimony touching the insurance, namely, that it was for the sum of sixty dollars to secure the holder of the mortgage was not controverted. The court, in its charge, recognized that the case depended upon circumstantial evidence alone. The State's testimony, including the res gestae declarations of the appellant, is consistent with his innocence. The exculpatory testimony introduced by the State is regarded as true unless by other facts its falsity is shown. See Combs v. State, 52 Tex. Cr. R. 613; Pickens v. State, 86 Tex. Cr. R. 657, and cases there cited.

On reconsideration of the record in the light of the appellant's motion for rehearing the opinion is entertained and expressed that we were in error in concluding originally that the evidence was sufficient. A careful re-examination of the facts impresses us with a conviction the evidence of guilt is inconclusive to a degree that it cannot be regarded as overcoming the presumption of innocence.

The motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*