## THE PEOPLE v. AH KI.

THE ground of the rule excluding confessions obtained by threats from one charged with a crime, is the possibility that the confession may be false; and it does not apply to a confession of the place where stolen property is concealed, when the finding of the property at the place indicated precludes the possibility of the confession being untrue.

Thus, on a trial for larceny, it was not erroneous to allow proof that the accused, under the influence of fear induced by threats and violence, conducted persons to the place where the stolen property was found.

Proof of possession of property recently stolen, is not of itself sufficient evidence upon which to convict the possessor of the theft.

People v. Chambers (18 Cal. 383) affirmed.

People *v.* Ah Ki.

On trial for larceny, the Court instructed the jury that "Where goods, shown to have been feloniously taken from the owner, are, immediately after such felonious taking, found in the possession of a party, the burden of proof is thrown upon the party of explaining such possession and the manner in which he acquired such goods:" *Held*, that the instruction was erroneous, as conveying the idea that possession, unexplained, was of itself sufficient to authorize a conviction.

APPEAL from the Court of Sessions of Nevada County.

The indictment is as follows: "Ah Ki (Chinaman) is accused by the grand jury of Nevada county, by this indictment, of the crime of grand larceny, committed as follows: The said Ah Ki, on, to wit, the twelfth day of September, A. D. 1861, at the township of State range, in the county of Yuba, in the State of California, and within five hundred yards of the line of the county of Nevada, feloniously did steal, take and carry away, one silver watch of the value of thirty dollars, twenty-five pieces of money of the denomination twenty dollars, in gold coin of the United States of America, in all of the value of five hundred and fifty dollars, of the goods, chattels and property of James Nelson, John Nelson and C. McDonald, contrary to the forms of the statute in such case made and provided."

The first instruction given by the Court is as follows: "When goods, shown to have been feloniously taken from the owner, are, immediately after such felonious taking, found in the possession of a party, the burthen of proof is thrown upon thàt party of explaining such possession, and the manner in which he acquired such goods."

The following is the third instruction asked by defendant and refused by the Court: "If the jury believe, from the evidence, that all the facts testified to by witnesses in this case were obtained from defendant, by hanging him up by the neck to a limb of a tree, and by threats and menaces used towards defendant by those who had him in custody, before any statement or confession made by defendant, they will acquit the prisoner."

*Thomas P. Hawley*, for Appellant.

I.   The demurrer interposed by defendant to the indictment should have been sustained.   The description of property stolen

was insufficient, and the facts are not concisely stated. (*People* v. *Peterson*, 9 Cal. 315 ; *People* v. *Lloyd*, 9 Id. 55 ; *People* v. *Ball*, 14 Id. 101.)

II.   The Court erred in its instructions, given to the jury, as to the presumptions arising from the recent possession of stolen property.   The instruction is in direct opposition to recent decisions of this Court.   (*People* v. *Chambers*, 18 Cal. 383 ; *People* v. *Levison*, 16 Id. 99 ; 3 Green on Ev. sec. 31 ; Best on Presumptions, secs. 224, 226.)

III.   The Court also erred in refusing the third instruction asked by defendant's counsel.   The principle " that all confessions forced from the mind by the flattery of hope, or torture of fear," cannot be given in evidence in a Court of justice, is well settled. (*Rex* v. *Jones*, cited in 3 Philips on Ev. 424.)

*Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—COPE, J. concurring.

The demurrer to the indictment was properly overruled.   The offense is alleged to have been committed within five hundred yards of the line of the county of Nevada, which shows the case to be within the provisions of section eighty-eight of the Criminal Practice Act, and the description of the stolen property is precise and accurate.

There was no error in refusing the third instruction requested by the defendant.   That instruction would have precluded the jury from considering the effect of the defendant having conducted the witnesses to the place where the stolen property was concealed. Although that act was a confession of his knowledge where the property was concealed, and was induced by threats, yet the truth of this confession being established by the finding of the property at the place indicated, precluded the possibility that the confession was false—which is the ground of the rule excluding confessions thus obtained.   (1 Greenleaf's Ev. secs. 231–2.)

But the first instruction given to the jury was erroneous under the ruling in the case of *The People* v. *Chambers* (18 Cal. 283).

In that case it was decided that the possession of the fruits of a crime is a circumstance to be considered in determining the guilt of the possessor, but that this circumstance is not of itself sufficient to authorize a conviction. In the case before us the Court did not instruct the jury in direct terms that the possession of the stolen goods, unexplained, would alone authorize a conviction; but that the possession of the stolen property throws the burthen of proof explaining such possession upon the accused. If this charge could be understood as only stating that the accused was bound to explain the possession, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, it would not be erroneous; but we cannot assume that the jury understood it in such a limited sense. Unqualified, the direct effect of the charge was to convey to the jury the idea that the possession of the stolen goods, unexplained, was of itself sufficient to authorize a conviction.

For the error in the first instruction given, the judgment must be reversed and a new trial ordered.