## THE STATE v. HENRY.

1. **Criminal Law : ALIBI: DEGREE OF PROOF REQUIRED.** To establish an alibi it is not necessary that the jury should be "fully satisfied" of its truth.

*Appeal from Wapello District Court.*

SATURDAY, APRIL 20.

THE defendant was convicted of the crime of burglariously entering a dwelling-house in the night-time with intent to steal, and now appeals to this court.

*H. B. & L. C. Hendershott,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, J.—Evidence was introduced by the appellant tending to prove an alibi. Upon the subject of alibi the court gave an instruction, which is in these words: "The defense is that the defendant is not the person who committed the crime, and, in addition, that the State has failed to show that he was the person. He has, in defense, given evidence tending to show that he was at another and different place from that where the burglary was committed, and at the same hour or time it was committed. If so, then he could not be guilty, and if, from all the evidence in the case, you believe he was, as claimed, at some other place, then he is entitled to your verdict of not guilty. It should

be shown that the defendant was, at the very time of the com-
mission of the crime, at some other place; but this fact
can be established, like any other fact, by circumstances, or,
as it is termed, by circumstantial testimony; so, when you
have considered all the circumstances in evidence that you
believe to be true, you will determine whether this claim of
the defendant is true or not; but this defense is not required
to be proved beyond a reasonable doubt, but you should be
fully satisfied of its truth." We are of the opinion that the
court erred in instructing the jury that they should be fully
satisfied of the truth of the alibi. It was held in *State v.*
*Hardin,* 46 Iowa, 623, that full satisfaction of the truth of the
alibi was not necessary. We regard that case as decisive of·
this.

REVERSED.