## THE STATE v. KIRKPATRICK.

1. **Larceny:** EVIDENCE ON APPEAL. This court will not set aside a verdict of guilty for the want of evidence simply because the evidence supporting it is not strong.

2. ———: POSSESSION OF STOLEN PROPERTY: EXPLANATION: BURDEN OF PROOF. On a trial for larceny, where the defendant admitted that he had the stolen goods in his possession, but, as a witness, gave a somewhat explicit explanation of his possession, the court instructed the jury that they would be justified in finding him guilty unless he had satisfied them that his possession of the goods was not obtained by stealing them. *Held* error, as being equivalent to saying that he had the burden to establish that his possession was innocent; whereas he was entitled to be acquitted if his explanation was sufficient to raise a reasonable doubt of his guilt. (*State v. Emerson*, 48 Iowa, 174, followed, and other cases cited.)

*Appeal from Wapello District Court.*

MONDAY, OCTOBER 10.

THE defendant was indicted for the crime of larceny. There was a trial, which resulted in a verdict of guilty, and a judgment of imprisonment for two years and six months. He appeals.

*A. N. Yancey* and *H. B. Hendershott*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, CH. J.—The defendant was charged with the stealing of certain watches and jewelry, some of which it is conceded he had in his possession after the theft.

I. The defendant insists that the evidence is wholly insufficient to sustain the verdict. While, as we read the evidence, it does not appear to us to be strong, we cannot say that there was such lack of evidence as would justify us in disturbing the verdict.

<div style="margin-left:2em; font-size:smaller">1. LARCENY: evidence on appeal.</div>

II. The defendant complains of an instruction given by the court, a part of which is in these words: "As the defendant admits that he had the watches and chains in his possession on the 19th of September, you would be justified in finding him guilty, unless he has satisfied you that his possession at that time was not obtained by stealing them." The unexplained possession by the defendant of recently stolen property is a circumstance against him, and will justify a conviction, unless there is such evidence of good character, or other circumstances, as to raise a reasonable doubt of guilt. The case before us, however, is not one of unexplained possession. A somewhat explicit explanation was given by the defendant as a witness. As touching the explanation, the jury, as we understand, was instructed, in substance, that to render it of any avail it should be satisfactory. In our opinion, the jury should have been instructed to acquit, if the explana-

<div style="margin-left:2em; font-size:smaller">2. ———: possession of stolen property: explanation: burden of proof.</div>

tion was sufficient to raise a reasonable doubt of guilt. In *State v. Emerson*, 48 Iowa, 174, substantially the same question arose, and the court said: "When a reasonable doubt exists as to the character of the recent possession, whether it be innocent or guilty, a reasonable doubt exists as to the defendant's guilt. If such doubt exists, he cannot be convicted. Now, such doubt may arise in the minds of the jury upon less than a preponderance of the evidence. It was therefore erroneous to direct the jury that they could find the defendant guilty, unless defendant, by a preponderance of the testimony, reasonably satisfied them that his possession of the cattle was innocent." See, also, *State v. Merrick*, 19 Me., 398; *Hall v. State*, 8 Ind., 439; *State v. Henry*, 48 Iowa, 403; *Heed v. State*, 25 Wis., 421.

In our opinion the instruction cannot be sustained.

REVERSED.