[Crim. No. 544.    Second Appellate District.—July 31, 1917.]

## THE PEOPLE, Respondent, v. ALBERT FLORES, Appellant.

CRIMINAL LAW—EVIDENCE—PROOF OF CORPUS DELICTI.—In a criminal action it is not necessary, in order to establish the *corpus delicti*, to show that the crime charged was committed by the defendant, as the two elements of *corpus delicti* are certain facts forming its basis and the existence of criminal agency as the cause of them.

ID.—CONFESSION—VOLUNTARY CHARACTER.—The rejection of a confession is not authorized from the mere fact that the defendant is under arrest and in the custody of officers, and that the alleged confession is made in answer to questions, if it fairly and clearly appears that the statements of the defendant were of a voluntary nature.

ID.—INSANITY OF DEFENDANT—APPEARANCE OF DEFENDANT—INSTRUCTION.—In a prosecution for murder, where evidence was introduced to show that the mental condition of the defendant had been affected by an injury received from a kick by a horse, and the marks of the injury were pointed out on the defendant's face, it was not error to instruct the jury that in determining the matter of his insanity, idiocy, or lunacy the jury should consider the evidence in the case and the appearance of the defendant before them since the beginning of the trial.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, and Francis Price, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, E. W. Squier, and M. F. Shannon, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of murder and sentenced to imprisonment for life. He appeals from the judgment and from an order denying his motion for a new trial.

The first error claimed by appellant is based upon the ground that the court admitted in evidence testimony concerning confessions made by the defendant, and that at the time when that testimony was admitted evidence establishing the *corpus delicti* had not been received. The so-called confessions were not confessions by the defendant that he committed the crime charged. In connection with the statements made by him, the defendant insisted that he did not kill the child Renata Maccianti. His statements consisted in admissions of fact which tended to show that the murder was committed by him. At the time when these admissions were received in evidence, testimony had been received strongly tending to show not only that the child was dead, but that at the time and place charged in the indictment she came to her death by violent means and by the criminal act of some person. At the time when the testimony showing the admissions made by the defendant was received there was not before the court any evidence tending to show that the crime had been committed by the defendant. The contention urged by appellant's counsel is that in order to establish the *corpus delicti*, it is necessary that the evidence shall not only establish the fact of commission of the crime, but also that it must have tended to connect the defendant with the commission of that crime. Upon this proposition we do not agree with appellant's counsel. The two elements of *corpus delicti* are: 1. Certain facts forming its basis; and, 2, the existence of criminal agency as the cause of them. To establish the *corpus delicti* it is not essential to show that the crime charged was committed by the defendant. (*People* v. *Vertrees*, 169 Cal. 404, [146 Pac. 890]; *People* v. *Wagner*, 29 Cal. App. 363, [155 Pac. 649]; *People* v. *Swaile*, 12 Cal. App. 192, 196, [107 Pac. 134]; *People* v. *Tarbox*, 115 Cal. 57, [46 Pac. 896]; *People* v. *Ford*, 25 Cal. App. 388, 419, [143 Pac. 1075].)

The court received in evidence the testimony of the phonographic reporter who took down in shorthand one of the statements introduced as constituting admissions made by the defendant. Some of the statements made by the defendant at

that time were in the Spanish language and some were in
English. Appellant claims that the court erred in receiving
the testimony of the reporter concerning the statements made
by the defendant in his presence, since it appeared that the
statements made in Spanish were translated into English by an
interpreter and were taken down by the reporter as given to
him through the interpreter. But the record shows that, on
objection made by the defendant, the court excluded from the
testimony of the reporter those portions of defendant's state-
ments which were made in the Spanish language and refused
to receive the same in evidence. Those rulings having been
made in favor of the defendant, he is left without foundation
for his complaint respecting that testimony.

The next point relied upon is that preliminary to the re-
ception in evidence of testimony concerning the statements or
confessions made by the defendant, it was not shown that no
inducements were offered or threats made to the defendant
before those statements were made by him. Referring to the
transcript pages referred to by appellant's counsel in their
argument, we find that the record does not in fact support
the claim made concerning it. The conversations in which
those statements were made by the defendant all occurred on
the thirtieth day of June, 1916; two of them before noon and
two in the afternoon. As to each of those conversations testi-
mony was given to the effect that no threats or promises were
made to the defendant and that his statements were made
voluntarily. The district attorney asked such questions as
the following: "Did you make any promises or hold out any
inducements to the defendant to get him to talk on that
occasion?" "Did he talk to you freely and voluntarily at
that time?" Objections were made to those questions as
calling for the conclusions of the witness, and the objections
were overruled. Assuming that these rulings were erroneous,
yet on the complete record it does not appear that they were
prejudicial. Opportunity was given for cross-examination,
and questions were asked by defendant's counsel with respect
to the circumstances under which the statements were made,
but it was not made to appear that any improper influences
were used to open the lips of the defendant. His several
statements were made at different times and places; on a public
street, and at the scene of the crime, as well as at the jail.
It is true that the court reporter in giving his testimony as

above mentioned did not say anything with respect to the circumstances leading up to the statement of the defendant as reported by him. But that ground had been covered by another witness referring to the same conversation, and the reporter stated that he did not come into the room until the other persons present had assembled there and that he only took down the formal questions and answers. Assuming that the extrajudicial statements, or some of them, made by the defendant, should be treated as confessions and subject to the rule here invoked by the defendant, we nevertheless hold that the record does not establish the claim that there was no foundation for the reception in evidence of the testimony covering those statements. "The mere fact that the defendant is under arrest and in the custody of officers, and that the alleged confession is made in answer to questions, will not authorize the rejection of such confession, if it fairly and clearly appears that the statements of the defendant were of a voluntary nature." (*People* v. *Hoge,* 25 Cal. App. 456, 458, [143 Pac. 1072].)

The court gave to the jury the following instruction: "From the evidence in this case and the appearance of the defendant before you since the beginning of this trial you are to determine the matter of his insanity or idiocy or lunacy at the time it is alleged that he committed the crime charged in the indictment, these questions being questions of fact of which you are the sole judges." Appellant claims error in this instruction in that defendant was not a witness at the trial and that the "appearance of the defendant" before the jury was not a fact in evidence. The record shows, however, that the personal appearance of the defendant was brought to the attention of the jury by defendant's counsel in at least one instance. While they were examining the father of the defendant as a witness in his behalf, the witness testified that when five years old the defendant was kicked by a horse, and marks on defendant's face caused by the accident were pointed out and identified by the witness. This evidence was introduced as a part of the effort made to show that the mental condition of the defendant had been affected by the injury so received.

The other objections presented by counsel for defendant with respect to instructions given and with respect to instructions refused, in so far as they are not covered by the proposi-

tions heretofore considered in this opinion, are of such slight importance that they do not require discussion. The law of the case was fairly and fully stated to the jury.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1917.