WESLEY DAVIS v. THE STATE.

No. 12856. Delivered December 11, 1929.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

A slot machine taken from the possession of Brit Simmons was the property. Simmons' place of business was burglarized at night and the slot machine, containing some $25.00 or $30.00, was stolen. The money was in dimes. According to the evidence, some of the dimes had peculiarities about them, such as holes and other marks of identification. Late in the night of the burglary the appellant appeared at a cafe and was in possession of a number of dimes. A woman in charge of the cafe testified that at the appellant's request, she gave him a $10.00 bill for $10.00 in dimes. About the same time, another boy by the name of Frank Carroll, came in and she gave him $5.00 in currency for $5.00 in dimes. Later the appellant came back with another boy whom the witness did not know, and he exchanged $5.00 in currency for $5.00 in dimes, making a total of $20.00 in dimes which the witness obtained from the three boys.

There was evidence that the appellant went to Del Rio where he was arrested some time later.

The witness Mayo was the owner of the slot machine. He testified that he, in company with the appellant, found the slot machine upon the direction of the appellant. According to the witness, he and the appellant left the cafe and went out on a road to look for the machine, and later found it.

In Bill of Exceptions No. 2, duly certified by the judge, it appears that the witness, George Mayo, in behalf of the State, gave the following testimony:

"* * * that the defendant on the morning following the alleged burglary and theft, that he, defendant, did not take the said slot machine but that another boy told him he took same, and that defendant told witness that the other boy had told him where he took the slot machine; that he hid it west of Terrell on a side road from the main Colquitt road, and that he, witness, and the defendant went in search of said slot machine and after considerable search of that vicinity finally found same."

And in Bill No. 3, it is shown that the State's witness, Kautrabeis, gave the following testimony:

"* * * that the dimes he (appellant)) had in his possession were won by him in a crap game."

The evidence was circumstantial. The declarations in question came into the case through the testimony of the State, and it is believed that the court, in response to the appellant's exceptions should have amended his charge so as to instruct the jury in substance that the declarations should be regarded as true, unless upon other evidence they found them to be untrue. See Combs v. State, 52 Tex. Cr. R. 613; Jones v. State, 29 Tex. Cr. App. 20; Pickens v. State, 86 Tex. Cr. R. 657.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*