(No. 6669.   May 11, 1939.)

STATE, Respondent, v. CLARENCE DARRAH, Appellant.

[92 Pac. (2d) 143.]

Black & Black, for Appellant.

J. W. Taylor, Attorney General, R. W. Beckwith, Assistant Attorney General, and M. E. Zener, Prosecuting Attorney for Bannock County, for Respondent.

BUDGE, J.—Mrs. A. E. Gemmell, being alone in the house, of herself and her husband, at 855 West Sublette Street, Pocatello, left the home about 1 o'clock on the afternoon of August 13, 1938, and returned at 2 o'clock the same afternoon. She testified that when she left the home she hooked the front screen door and locked the front door and back door of the house. Upon returning she entered the house through the back door after unlocking it and about one hour later discovered the front door was unlocked and the screen unhooked. No one had a key to the front door excepting herself. When Mrs. Gemmell was preparing to retire for the night, about 10 o'clock, she took a ring off her finger for the purpose of placing it in a watch case, which was her usual custom, when she discovered that the watch case and her watch were gone. Mrs. Gemmell testified she had seen the watch and the case on the dresser just before leaving the house at 1 o'clock that afternoon. August 14th, two Union Pacific Railway agents saw appellant in the railroad yards and appellant upon seeing them fled but was overtaken and apprehended by the agents and delivered to the custody of the city police. While being taken to the city jail appellant pointed to an automobile, stating: "that is my automobile

or car there.'' This automobile was later transported to the city police department after appellant had given officers the car keys. Officer Williams and other officers, upon receiving a key from appellant opened a padlocked suitcase belonging to appellant and found in his automobile. In the suitcase was found the watch and watch case identified by Mr. and Mrs. Gemmell as the watch and watch case belonging to Mrs. Gemmell, last seen by her at approximately 1 o'clock August 13th on her dresser. Appellant first offered the explanation that the watch and case had belonged to his mother and she had given it to him ten years before. When it was suggested by an officer that he could establish that the watch had been sold less than ten years ago, appellant offered a second explanation that: ''He would tell the truth now, that it was not his mother's watch, that he had bought it out near the viaduct.'' This statement was made to and related by an officer. Appellant did not testify at the trial.

From the judgment of conviction appellant has appealed and assigns and relies upon eight assignments of error, all of which need not be considered. Assignments of error I to IV, inclusive, may be considered together, each of such assignments raising a part or all of the following propositions: Insufficiency of the evidence to support the judgment in that the state failed to prove; *corpus delicti*, or the fact that the crime of burglary had been committed, that appellant had committed the crime of burglary, or that appellant had stolen property in his possession.

Elements of *corpus delicti* are certain facts forming its basis and the existence of a criminal agency as to cause of them, and it is not essential to show that the crime was committed by the defendant to establish *corpus delicti*. (*People v. Flores*, 34 Cal. App. 393, 167 Pac. 413; *People v. Rodway*, 77 Cal. App. 738, 247 Pac. 532; *People v. Britt*, 62 Cal. App. 674, 217 Pac. 767.) This court in *State v. Vanek*, 59 Ida. 514, 84 Pac. (2d) 567, at 572, said:

''In the case at bar, the record shows, without contradiction, that the bridles and harness in question were in the Robbins barn on the 4th day of January, 1937, that they

were taken from the barn without Robbins' knowledge or consent, that he identified them and that they were his property, which established the fact that the crime of burglary was actually committed by someone. And that brings us to the question (the *corpus delicti* having been proven). . . . ''

The evidence herein discloses that Mrs. Gemmell left her home, after having locked the doors, and upon returning found the front door unlocked and about 10 o'clock that night found that the watch and watch case were missing. In addition there is evidence that no one other than Mrs. Gemmell had a key to the house and that immediately before leaving she had seen the watch and watch case on her dresser and the watch and watch case found in appellant's suitcase were identified as Mrs. Gemmell's property. This evidence was sufficient to prove the *corpus delicti*, establishing that there was a burglarious entry of the house and that the watch and watch case were removed through a criminal agency.

The serious question presented upon this appeal is the sufficiency of the evidence to prove that appellant committed the crime of burglary. The *corpus delicti* was proven, that is that a burglary had been committed, and it was also proven that appellant was in the conscious possession of recently stolen property. The state voluntarily introduced an alleged statement of appellant in which he stated that the watch and case had belonged to his mother and that she had given it to him ten years before. When it was suggested by an officer that he could establish that the watch had been sold less than ten years ago appellant made the further statement: "He would tell the truth now, that it was not his mother's watch, that he had bought it out near the viaduct." In *State v. Pate*, 43 Ida. 648, 253 Pac. 623, the following language is used:

"The possession of this leather vest is the only evidence that tends to connect the defendant with the crime charged. The fact that a burglary was committed is clearly established, but the evidence fails to sufficiently connect the defendant with it. His false statement in regard to selling the vest, the fact that he returned to his room shortly after the rob-

bery, and did not go to bed at 1 o'clock as testified, may have been prompted by a consciousness of wrongdoing. He may have wrongfully acquired the vest by theft, by robbery from the person of another; by burglarizing another store at a different time; or it may have come into his possession from one who did burglarize the store in question, or who had stolen it elsewhere, with knowledge, acquired after that fact, that it was stolen property. There might be a consciousness of guilt in all of these instances. His actions, therefore, do not necessarily assist in the identification of the vest, nor prove his guilt of the particular crime charged.

"Where the breaking and entry is proved, as in this case, 'if the property is sufficiently identified as stated at the time of the breaking,' the state may show the *unexplained* possession of the recently stolen property as tending to connect the defendant with the burglary. (9 C. J. 1070). Such proof 'does not raise a presumption of guilt as a matter of law, a legal presumption, but is merely evidence from which the jury may convict.' (9 C. J. 1083)."

(*People v. Chambers,* 18 Cal. 382; *People v. Ah Ki,* 20 Cal. 177; *People v. Beaver,* 49 Cal. 57; *People v. Flynn,* 73 Cal. 511, 15 Pac. 102; *People v. Keko,* 27 Cal. App. 351, 149 Pac. 1003; *State v. Jones,* 19 Nev. 365, 11 Pac. 317; *People v. Hart,* 10 Utah, 204, 37 Pac. 330; *State v. Gray,* 23 Nev. 301, 46 Pac. 801; *People v. Potello,* 40 Utah, 56, 119 Pac. 1023; *State v. Kirkpatrick,* 72 Iowa, 500, 34 N. W. 301; *State v. Shaffer,* 59 Iowa, 290; 13 N. W. 306; *Stuart v. People,* 42 Mich. 255; 3 N. W. 863; 9 C. J., pp. 1074, 1082, secs. 132, 144.)

The statement quoted in *State v. Pate, supra,* from 9 C. J. 1083, is followed in 9 C. J., page 1084, with the following statements, appearing to be the rule governing herein, namely:

"*Such evidence is not sufficient if the possession of defendant is otherwise reasonably explained by him, unless the explanation is shown to be false.*"

"But where defendant gives a reasonable explanation of his possession of stolen property, and there is no evidence to connect him with the crime of burglary, or there is a reasonable doubt as to the truth of the explanation, a con-

viction cannot be sustained." (9 C. J., p. 184, sec. 147; 9 C. J., p. 1072, sec. 128.)

While the state proved the conscious possession by appellant of recently stolen property it also proved the explanation by appellant, that is, that he had purchased the same from a person near the viaduct. There was no evidence showing or tending to show that his statement in this regard was false. It was neither an impossible or unreasonable explanation of his possession of the recently stolen property. As stated in *State v. Pate, supra,* his contradictory statements may have been prompted "by a consciousness of wrongdoing." He may have acquired possession from one who had stolen the property of which fact he became aware upon his apprehension. We are of the opinion that there is not sufficient evidence in the record to connect the defendant with the burglary.

It is urged the court committed error in giving instruction number 2 to the jury, it being contended that the instruction told the jury there was evidence to sustain a conviction of second degree burglary. That portion of the instruction objected to recites:

"In this connection you are advised that there is no contention on the part of the state, nor is there any proof, to the effect that the alleged burglary in this case, *if any,* was committed in the night time, so in this case you are concerned only with the crime of burglary in the second degree, or that committed in the day time."

A reading of the instruction does not disclose that it is subject to the interpretation attempted to be placed thereon by appellant. The instruction is favorable to appellant, substantially telling the jury that *if any burglary was committed* it could not be in the first degree since there was no contention on the part of the state, nor proof, to the effect that the *alleged* burglary was committed in the night time. (*State v. Wansgaard,* 46 Ida. 20, 265 Pac. 671.) It appears that the court specifically in instruction number 13 cautioned the jury with respect to being influenced by any opinion they believed the court had formed or had expressed, namely:

"Gentlemen of the jury, you are instructed that you are not to allow yourselves to be influenced by any opinion which

you think the Court has formed upon any fact in this case. The Court has not intended to express any opinion, and if you should have gathered that the Court have any opinion whatever upon any fact in this case, you will disregard that, because you are the sole judges of the facts.''

Instruction number 2 was not prejudicially erroneous.

The judgment is reversed and the cause remanded for a new trial.

Givens, Morgan and Holden, JJ., concur.

---

ON REHEARING.

(July 8, 1939.)

BUDGE, J.— A petition for rehearing having been granted this cause was again submitted to the court. We have considered the entire record with great care and conclude that the former opinion should not be disturbed other than to add the following general statement. Had the state rested after having established the *corpus delicti*, that is that a burglary had been committed, and further that appellant was in the conscious possession of the recently stolen property, with knowledge that the same had been stolen, such possession being *unexplained* there would have been sufficient circumstances to be considered by the jury from which the guilt of the accused might be inferred. (*State v. Sanford*, 8 Ida. 187, 67 Pac. 492; *State v. Bogris*, 26 Ida. 587, 144 Pac. 789; *State v. Jackett*, 45 Ida. 720, 264 Pac. 875; *State v. Pate*, 43 Ida. 648, 253 Pac. 623; *State v. Davis*, 57 Ida. 413, 65 Pac. (2d) 1385; *State v. Vanek*, 59 Ida. 514, 84 Pac. (2d) 567; 9 C. J. 1070, 1083.) However, the state introduced, and *relies* upon to support the verdict, evidence of a conversation had between appellant and a police officer. Appellant was not under oath at the time he made the statements and did not testify as a witness at the trial. The statements related by the officer, were to the effect that ap-

pellant said he got the watch from his mother and that he then denied the first statement was true and stated that he purchased the watch from a person near the viaduct. The state having introduced this testimony and placing reliance thereon to support the verdict should be bound to whatever effect the same has on behalf of appellant, which, briefly stated, is that appellant's conscious possession of the recently stolen property was no longer *unexplained.* No evidence was offered on the part of the state to dispute or contradict the explanation as related by the police officer. It was not improbable, impossible nor an unreasonable explanation. In *State v. Pate, supra,* and kindred cases, heretofore cited, it is held that *unexplained* conscious possession of recently stolen property is a circumstance to be considered by the jury from which the guilt of the accused may be inferred. The converse rule would seem to be that the *explained* conscious possession of recently stolen property is *not* sufficient as a circumstance to be considered by the jury from which the guilt of the accused may be inferred. The rule which we believe should prevail is that where the state under such circumstances introduces exculpatory evidence the burden rests upon the state to show that such exculpatory evidence is false. (*State v. Pate, supra,* 9 C. J. 1084; *Davis v. State,* 113 Tex. Crim. 404, 22 S. W. (2d) 454; *Lewallen v. State,* 115 Tex. Crim. 144, 29 S. W. (2d) 371; *Reed v. State,* 119 Tex. Crim. 459, 46 S. W. (2d) 319; *Morgan v. State,* 128 Tex. Crim. 290, 80 S. W. (2d) 975; *Weathered v. State,* 128 Tex. Crim. 263, 81 S. W. (2d) 91.) We are still of the opinion that the judgment should be reversed and the cause remanded for a new trial.

Ailshie, C. J., and Holden, J., concur.

GIVENS, J.—I now dissent both from the original opinion and the opinion on rehearing.

Morgan, J., by reason of illness did not participate in the decision on rehearing.