[Crim. No. 1225.   Fourth Dist.   Oct. 18, 1957.]

THE PEOPLE, Respondent, v. VERNON ELMER MACK, Appellant.

Vernon Elmer Mack, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant was charged with and convicted by a jury of the crime of burglary (second degree) of a dwelling house, committed on September 9th, 1956, in Mendota. The jury also found he had suffered two prior felony convictions and served time therefor in the state's prison. Defendant had different court-appointed counsel at the time set for his preliminary examination and in the proceedings before the trial court. He successfully removed two such appointed attorneys from his case by motion, and under due admonition of his rights to the aid of counsel, he decided to conduct his own jury trial. Later, another attorney was appointed to represent him. During the trial, with defendant's permission, this counsel moved to be relieved as defendant's attorney. Defendant insisted on conducting his own case. The court ordered the court-appointed attorney to sit

in the courtroom to advise defendant, if defendant so desired. Witnesses were sworn and examined, including the defendant. Judgment upon the verdict, as indicated, was pronounced.

On this appeal the evidence shows that the complaining witness left his home Saturday afternoon on September 8th. He locked the front but not the back door. On his return Sunday afternoon he discovered his clothes thrown about the bedroom, his deer rifle, automatic rifle, watch, jewelry and two storage batteries were missing. He called the constable. He later identified the missing property which was in the constable's custody. A prosecution witness testified that at about 4 a. m. on September 9th, he was delivering the papers on his route and found defendant and another person (Mason) stalled in their old convertible car on the road about 200 feet east of the complaining witness's home; and that he assisted in starting their car by pushing it with his car. He identified them in court as the persons he saw that night. Defendant and Mason were later apprehended by the constable. Defendant first denied any participation in the burglary. When confronted by Mason, who had admitted the burglary, defendant said: "Well, maybe we just as well plead guilty . . . and get it over." Defendant took the constable to a junk yard where defendant had buried the gun. The constable dug it up and defendant stated he didn't want to see the complaining witness lose anything and wanted the stolen property returned to him. The watch and some of the jewelry were pointed out by defendant. They were hidden in a paper bag under the fender and headlights of his car. Most of these facts were corroborated by another officer. The accomplice Mason testified he was driving with defendant in his old car on the morning of September 9th before daylight; that the car overheated and would not run so he and defendant went to the complaining witness' home for water, found the screen door unlocked, and went in and burglarized the house, took the guns, jewelry and batteries which were identified by the complaining witness, and returned to the car; that they found it would not start and a man came by and pulled them onto the road and started their car by pushing it with his car; that he sold one of the guns taken from the complaining witness's house and that they had been drinking to some extent that night.

On the witness stand defendant testified he was with Mason that night, had a few beers, and they drove to defendant's home, sat in his old convertible 1947 De Soto car for a while,

and that he then, at about 1:30 a. m. went to bed and did not awaken until after daylight about 6 a. m.; that he believed Mason must have taken his car and later returned with some other man and that he, defendant, drove them to Mendota; that Mason later sold the gun to his cousin; that he never saw any guns or any jewelry and never had possession of them; and that Mason showed him where he had buried the gun and had hidden the paper sack. In rebuttal and by way of impeachment the prosecution presented the notes of a shorthand reporter relating the conversation had between the officers, Mason and defendant taken shortly after his arrest. There defendant said he did not remember all that was done by Mason and him on the morning of the burglary, but he remembered he got stuck with his car and remembered "we wound up with this stuff . . . stole it out of the house" and that he took a watch and necklace but did not remember breaking into the home. Defendant in person made the argument to the jury which was fully and properly instructed as to the law.

In appellant's opening brief, prepared by himself, he now claims he was (1) illegally arrested; (2) not legally committed; (3) personally did not waive a preliminary examination; (4) convicted on an accomplice's uncorroborated testimony; (5) the corpus delicti was not established and there was no intent to commit theft shown; (6) that he was not at the scene of the crime; and offered to file in connection with his appeal, an affidavit of some individual so stating. He asked this court to examine the entire evidence and instructions given and refused, and all errors, and grant a new trial.

Suffice it to say, we have carefully examined the record and have satisfied ourselves that defendant had a most fair and impartial trial and that no error appears. Many of the claimed errors attempted to be raised were not properly raised in the trial court, are not supported by the record, nor reviewable on this appeal. The testimony of the accomplice was sufficiently corroborated and the corpus delicti was established.

The offer of defendant to admit a so-called petition for habeas corpus, prepared by defendant, into evidence at the time of trial was properly denied. (*People* v. *Sandow,* 133 Cal.App. 559 [24 P.2d 521]; *People* v. *Rodway,* 77 Cal.App. 738 [247 P. 532]; *People* v. *Stewart,* 113 Cal.App.2d 687 [248 P.2d 768]; *People* v. *Evans,* 102 Cal.App.2d 320 [227 P.2d 461]; *People* v. *Tennyson,* 127 Cal.App.2d 243 [273 P.2d 593]; *People* v. *Gormley,* 64 Cal.App.2d 336 [148 P.2d 687]; *People* v. *Farrara,* 46 Cal.2d 265 [294 P.2d 21]; *People* v. *Lancellotti,* 147 Cal.App.2d 723 [305 P.2d 926].)

A motion to set aside the information on grounds relating to defendant's arrest and the sufficiency of the evidence at the preliminary examination was denied by the trial court before entering upon the trial of the case. The great weight of the evidence unerringly points to defendant's guilt.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.