## ED SUTTON v. THE STATE.

### No. 3373.     Decided January 13, 1915.

**1.—Perjury—Continuance—Admission by the State.**

Where, upon trial of perjury, the district attorney admitted that the absent witness would testify as alleged in defendant's motion for continuance and that such testimony was true, and a statement of his testimony covering what the defendant claimed the absent witness would testify to was admitted, there was no error in overruling the motion.

**2.—Same—Evidence—Agreement Between State and Defendant.**

Where the State's counsel and defendant's counsel in the presence and hearing of the defendant and his acquiescence therein agreed that the defendant was sworn before the grand jury as alleged in the indictment, in order to permit a State's witness to depart from the court, which agreement was introduced in evidence, there was no error.

**3.—Same—Argument of Counsel.**

Where the remarks of the district attorney to which defendant complained were comments on the evidence before the jury, there was no reversible error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of perjury, the evidence was sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Hopkins.   Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. P. Leach,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the penitentiary.

The grand jury of Hopkins County was investigating a charge of seduction brought against one Jesse Creacy, wherein he was charged with seducing Miss Jennie Willis. Appellant appeared before said grand jury and testified that he had carnal knowledge of the young lady on two occasions, once on one Sunday night in June, 1912, on their way home from Ham Campbell's, where they had been visiting, and that he had carnal intercourse with her in June, 1912, on their way home from a dance at Babe Wallace's or Edgar Booth's. Both of those statements are alleged to be false, and the testimony would authorize the jury to find both that appellant did so testify before the grand jury, and that the statements were untrue.

In the first bill of exceptions it is contended that the court erred in overruling his application for a continuance. In the bill of exceptions it is shown that the prosecuting officer admitted that the witness would testify as alleged, and that such testimony was true. In approving the

bill the court states: "Upon the trial of the case the defendant was instructed to and did make a statement to the jury covering what he claimed the absent witness would testify and the prosecuting attorney admitted its truth. The defendant's attorney and the district attorney stated fully these things and defendant's attorney expressed himself as satisfied." Under such circumstances the bill presents no error.

In the next bill it appears that L. L. Bowman was in attendance on court as a witness, and desired to go home, when the following agreement was entered into: "It is agreed by and between the State and the defendant, that L. L. Bowman, a witness for the State, will testify that Ed Sutton, the defendant in the above numbered and styled cause, was sworn before the grand jury of Hopkins County, Texas, by Ben Ramsey, the foreman of said grand jury, at the time and place mentioned in said indictment.

(Signed)      Mayo Neyland, District Attorney,<br>W. P. Leach, Attorney for Deft."

The defendant now complains that the court erred in permitting this agreement to be introduced in evidence. In approving the bill the court states: "The agreement was made in the presence and hearing of defendant, and fully acquiesced in by defendant." As thus qualified the bill presents no error. In addition to this, it is proven by other testimony that appellant was sworn and testified before the grand jury as alleged.

Appellant complains that the district attorney in his argument said: "This defendant voluntarily appeared before the grand jury after visiting the family of Willis and breaking bread with them and tried to ruin this little girl." The record is replete with evidence that defendant was a visitor at the home of Mr. Willis, the father of the girl, and if there could be anything more damaging to her reputation than his testimony before the grand jury, we can not think of it at this time. The remarks were comments on the evidence introduced, and the bill presents no error.

The only other ground in the motion for a new trial alleges the insufficiency of the testimony. The testimony of Jennie Willis, who denied that appellant at any time ever had carnal knowledge of her, and the testimony of Mrs. Ham Campbell, who testified that appellant and Jennie Willis were not at her house in June, 1912, and other testimony fully supports the verdict, for it is shown, and not denied, that appellant did testify before the grand jury as alleged.

The judgment is affirmed.

*Affirmed.*