# FRED HACKETT v. THE STATE.

No. 14738. Delivered October 21, 1931.
Rehearing Denied November 18, 1931.

270

The opinion states the case.

*Clegg & Clegg,* of Trinity, and *M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year and one day.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The first ground of the rehearing is that there should be some particularity of description of the liquor possessed by appellant. In Tucker v. State, 94 Texas Crim. Rep., 505, we held an indictment sufficient which charged merely that the accused possessed liquor capable of producing intoxication. The case has been followed

many times since. We are still of opinion this is a sufficient description of the liquor.

This court has often held that whisky is liquor capable of producing intoxication, and that it is not error to so tell the jury in the charge of the court. Landers v. State, 85 Texas Crim. Rep., 109. There are many authorities to the same effect.

We think it entirely proper for the court to tell the jury in the charge that in considering the case before them they should not discuss facts not in evidence, and to tell them that no juryman should disclose to his fellows any facts known to him which were not in evidence, and that to do so would subject said juror to punishment for contempt, and that the case must be decided solely on the evidence before them and the law as given in the charge of the court.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*