. Dave Carey v. The State.

No. 16911.  Delivered June 20, 1934.
Rehearing Denied (Without Written Opinion) October 17, 1934.
Reported in 74 S. W. (2d) 979.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The record discloses that on the night of May 30, 1933, the Magnolia Petroleum Company's place of business, of which Tom Holman was then in charge, was entered by breaking the hasp of the lock off of the warehouse and one can of a hundred pounds of grease taken from said building. This can of grease had been shipped that day from Sweetwater to Hamlin with the shipping tag fastened to it. Some time during that night,

about 2 a. m., the appellant and Emmet Sligh were discovered by Mr. Reynolds, the night watchman at Hamlin, at a point about one and one-half miles from the alleged burglarized house on the highway leading from Hamlin to Anson. They had a model T Ford with a trailer hooked to it. Sligh was lying by the side of the road apparently drunk. The appellant was lying on the seat of the Ford car. When Mr. Reynolds walked up to the car he noticed the can of grease with a shipping tag on it in the car and while he was looking at it and examining the tag the appellant got out of the car and left. Mr. Reynolds then procured an ambulance and had Mr. Sligh and the can of grease taken to the jail. The appellant was arrested about 5 a. m. the next morning at the home of Emmet Sligh. The appellant's version of the affair is that he and Emmet Sligh left Hamlin at about 9 p. m. to go to Anson and bring back a cow, calf, and a hog; that while on the way to Anson a wheel on their car broke which caused them to stop the car near the place where they observed something in the ditch beside the road. They examined it and found it to be a can of grease which they put in their car, believing at the time that the same had been lost by someone. The appellant testified that the reason he left when Mr. Reynolds came up to the car was that he, appellant, was operating the car without a license and he thought Mr. Reynolds was a highway patrolman.

The appellant's first complaint is that the court erred in overruling his second application for a continuance because in his application he averred that the witness Mrs. Emmett Sligh, who was in attendance at court the previous day and who had testified in behalf of her husband in a companion case, was absent by reason of illness and whose testimony was very material to the appellant's defense; the appellant further set up what he expected to prove by the witness. The State contested the application for a continuance and in its contest admitted that the absent witness would testify as stated by appellant and that her testimony was true, but that her testimony as given by her on the previous day was reduced to writing and the defendant could read it to the jury, which was done. The appellant contends, however, that he was legally entitled to have her present and repeat her testimony in person before the jury. We do not believe that under the circumstances the court committed any error in overruling the appellant's application for a continuance, and in support of our views we refer to the following cases: Phipps v. State, 36 Texas Crim. Rep., 216, 36 S. W., 753; Sutton v. State, 172 S. W., 791;

Brown v. State, 174 S. W., 362; Truett v. State, 168 S. W., 524.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the witness Tom Holman to testify that he, Holman, had charge of that place (meaning Magnolia Petroleum Company); that he controlled it and no one else did. Appellant contends that this was but a conclusion of the witness and was prejudicial and incompetent. We cannot agree with the appellant's contention because the testimony that he, the witness, had charge of the burglarized house and he alone controlled the business was not a conclusion but the statement of a fact within the knowledge of the witness.

By bill of exception No. 3 the appellant complains of the action of the trial court in overruling his objection to the court's charge in which the court defined the word "breaking" and what would be sufficient in law to constitute breaking. We do not believe the court's charge is subject to the criticism addressed to it. The appellant by adroit reasoning and analogy seeks to bring it within the rule announced by this court that where the trial court charged on force, threats, and fraud when there was no evidence to raise the issue of threat or fraud, that such a charge was error. We are cognizant of the well settled rule of law in this State that the trial court should only apply the law to the allegations in the indictment and the proof in support thereof, but such a legal proposition is not presented here. The court did not charge on an issue not alleged in the indictment and not supported by any testimony, but merely instructed the jury what in law would be sufficient to constitute breaking. It was a guide for the jury by which they could determine whether there was a breaking within the meaning of the law. Therefore, this case does not fall within the rule announced by this court in the cases referred to by appellant.

The appellant next contends that this case is one of circumstantial evidence and the circumstances are not sufficient in that they do not exclude every other reasonable hypothesis except that of the appellant's guilt. While it is true that this is a case supported by circumstances only, there are certain very significant circumstances from which the jury were justified in concluding that the appellant was guilty. The testimony shows that the appellant left Hamlin about 9 a. m. for Anson but at 2 a. m. he was discovered within a mile and a half of the alleged burglarized building with a can of grease that was taken from said building. The appellant testified that while driving on the side of the road one of the wheels on his car

broke and that he noticed something in the ditch by the side of the road and this proved to be the can of grease that was subsequently discovered in his car. He said somebody must have lost it. That somebody may have been the appellant. When he drove with a broken wheel over ridges on the side of the road his car no doubt leaned to one side and the ridges caused his car to jolt, which perhaps jolted the can of grease out of his car. Then again, when Mr. Reynolds came to his car and examined the can of grease and the tag thereon, the appellant slipped away and was not arrested until about 5 o'clock in the morning at the home of his brother-in-law, Sligh, and not as his own home. We believe that all the circumstances taken together are amply sufficient to justify the conviction.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.